*235 Opinion of the Court,
by Judge Mills.
THE appellants declared in covenant against the appellee, on a note drawn thus:
“On demand I promise to pay to Jacob Stucker, the just and full sum of one hundred dollars, to be paid in four months after date, to be paid in Georgetown bank notes, bearing interest from date.”
The appellants averred, “that on the-- day of -, in the year of-, one of them, as ad ministrator of Jacob Stucker, after his death, and four months after the date ofsaid writing, demanded the said sum in Georgetown bank notes, together with interest upon the same, from the date of the writing, until the time of the demand,” and then assign for breach, “that the appellee failed to pay and discharge the demand, according to the tenor and effect of said covenant, in the lifetime of Jacob Stucker, or to his administrators since his death, although by one of said administrators requested and demanded.” "
The appellee pleaded in bar, “that after the time four months from the making of said note, and before the commencement of suit, he was ready and willing, and tendered and offered to pay to said Stucker, the said sum, with interest, in Georgetown bank notes, and that Stucker refused to receive the same; and avers, that he always has been, and is still ready to pay said demancl,” and brought the notes into court.
To this plea the appellants demurred, and the demurrer was overruled, and the,n they replied, that the appellee did not make such tender as in his plea is alleged. To try this issue, a jury were sworn, who found for the appellee, on which judgment was rendered cordingly, and the appellants have prosecuted this appeal.
It is now insisted for the appellants, that the issue is wholly immaterial, and that the finding thereon would not warrant a judgment for the appellee. On the trary, it is contended, that the issue is good and the de *236 claration is deficient, and, therefore, the appellants have no right to complain.
It is evident, that if the plaintiffs below, now appellants, have rightly construed this note, by supposing ^lat a demand was necessary after the four months expir«d, before any action could be sustained on the writing, the issue tendered by the plea, must be wholly immaterial; for if the demand could not be made in four months, it is clear that no cause of action could accrue after-wards, until the demand was made, and the appellee could not hasten the hour of performance, by tendering it before demand, unless the obligee chose to accept it, and if he afterwards permitted the demand to be made, as alleged in the declaration, and failed to pay, his former or subsequent tender could not aid him, and he was subject to the action. He has not responded to the demand or denied it. He barely alleges, that at some time, after the four months had expired, he made the tender; but whether before or after the demand, is not stated. The demand is left to stand as true, as well as his plea, and if the averment of the demand was at all necessary, after the expiration of four months, the plea is wholly defective in giving it no answer, and the issue found thereon may be true; and yet the history of the facts stated, admitted and found in the record, do not show that the appellee is entitled to the discharge which the judgment has given. On the contrary, if it be supposed that the writing is a stipulation to pay the money in four monts, at all events, but sooner if hastened by request, and that consequently, on the failure to pay at the end of four months, no demand thereafter was necessary, the issue found for the appellee is equally immaterial; for on that hypothesis, no tender after the four months had expired, (which is the tender pleaded,) could be of any avail; for it is evident, that such tender could not affect the previous cause of action, and that the appellants or their intestate, were not bound to accept the article in kind, but were then entitled to damages for a breach of the covenant; so that quacunque vice, the issue must deemed immaterial. And, it has been the practice of this court to reverse, where an issue is found for the defendant, and he has received the judgment of the court thereon, discharging him from the demand, which he has admitted, and he may still be liable, the issue and record notwith *237 Standing. As to the validity of the declaration, it is admitted, that if it was so defective as to show no cause of action, the appellants would be entitled to no redress, and that they could not support the writ of error to reverse a judgment, by which they could receive no prejudice, except what arises by charging them with costs, which they would be bound to bear, by their own erroneous proceedings.
We do not, however, deem this declaration defective; for if it be supposed, that a demand, after the four months expired was necessary, then a demand is averred in sufficient form to sustain an action, and it must be answered before the appellee will be entitled to a judgment. On the contrary, if the averment of such demand was unnecessary, it must be regarded as surplusage, and cannot vitiate, provided there is a sufficient breach assigned to show a .cause of action without it. The writ was issued long after the four months expired, and the breach assigned, is, that the appellee did not discharge the demand according to his.covenant, either to said Stucker, in his life, or to his administrators since his death, which must and does negative the idea, that the appellee paid it on demand, before the four months expired, or at- the end of the four months from the date; and although this assignment is in as general terms as the law will bear, and would have been more scientifically stated, by following more closely the words of the writing, according to its tenor, we incline to the opinion, that the breach must be sustained.
But as the court below must have construed this writing as exempting the appellee from any demand, until the four months expired, and has, no doubt, given the appellee his life afterwards to discharge the demand, unless hastened by request, it becomes necessary, that we should settle the construction of the writing, and determine whether the duty could have been hastened by a demand in four months, and at the end thereof the appellee was bound to pay at all events, or whether he was not bound to pay then and ever since, unless required. This question must again occur in the court below.
It has been the settled doctrine of this court to treat such instruments, which engage to pay bank paper, as those which promise to pay other commodities, and not as writings engaging to pay money. In construing such *238 itstruments, therefore, we are not at liberty to treat (_|ie WOrds “on demand,” as expressing no. more than they do in notes for the payment of money, in which their great effort is, to exclude interest Until demand, and suit may.be brought without any demand at all; but in writings engaging to pay other articles, no cause of action accrues, until an unsuccessful demand is made.
It is true, in this case the obligor might have intended to shield himself from a demand earlier than after the expiration of four months; but it is equally true, that it was competent for him to contract otherwise, and that the intestate might have intended to reserve it in his power, to hasten the payment. To ascertain which was intended, we must resort to the instrument and its meaning must be taken from its expressions. Blot out the words “on demand,” and it is evident the appellee had four months allowed, and must then pay or be liable to suit. On the contrary, expunge the words “to be paid in four months after date,” and no action could accrue until demand, and without, the appellee had his lifetime. The expressions, however, are not contradictory, and may both have their meaning. The former may extend the latter, or the latter limit the former. Literally, the latter is a limitation on the former, and gives four months’ time, dependent on the contingency of an earlier request, and imports from the terms, in four months, a stipulation to pay, at all events, at the close of that period. We, therefore, adopt this as the true meaning of the instrument, and view the averment of a subsequent demand, and the plea of a subsequent tender, both as immaterial.
The judgment must, therefore, be reversed, and the verdict be set aside, and the cause be remanded, with directions to the court below to award a repleader, or to have such proceedings in the cause as law requiresj and which may not be inconsistent with this opinion.