Opinion op the Court,
by Cii. J. Boyle.
THIS was an action by petition and summons, upon anote for two hundred and forty dollars, “ payable in the money of this state.” On demurrer to this petition, the circuit court gave judgment for the plaintiff, and tile defendant has brought the case to this court by an appeal.
The main question is, whether the action by petition is maintainable or not upon the note?
The solution of this question, turns exclusively upon the construction of the expression “payable in the rency of this state.” If, by this expression, the parties intended to make the note pavablé in specie onlv. or in the current coin of the United States, it is plain that the action will'lie; but if, on the contrary, they intended thereby to make the rióte payable in the bank per issued'by the authority of'the state, then it is equalIy clear, that the action cannot be maintained; for the action by petition, is allowed by law to be brought upon a bond or noté for the direct payment of money only, and bank paper is not money. Had dollars in specie, or the current coin of the United States, been the only culating medium of this state, at the-date of the note sued on, it would, no doubt, have been proper to construe the expressibn in question as having an exclusive reference to that medium; but that was not the'case. Gold and silver (though nothing else could be constitutionally made a legal tender, in payment of debts contracted in specie) had in fact ceased to be the circulating medium of this state, and paper issued by the banks of this state, had taken their place, and become the only médium of universal circulation.
Bank paper was, therefore, in fact, the currency of this state, in the popular acceptation of the phrase, and the expression in the note, whatever may be its import, in a, constitutional sense, must be construed to mean bank paper; for words and expressions, though they may have a technical signification, when used in adversary writs and other legal proceedings, are always to be understood in their popular sense, when used in agreements between individuals.
*336 The judgment must be reversed with costs, and the cause be remanded, that judgment may be entered on the demurrer for the defendant.