Judge Mills
delivered the Opinion of tbo Court.
This is a petition and summons on a note promising to pay seven hundred dollars, se current money of Kentucky.” The defendant demurred, and the court sustained the demurrer, and gave judgment against the plaintiff, on the ground that a summons and petition could not be sustained on the note. To reverse this judgment, this writ of error is prosecuted.
This court decided, in the case of Chambers vs. George, 5 Litt. 335, that a summons and petition *167 oonld not be sustained on a note promising to pay a number of dollars in (he “currency of Kentucky.” In that opinion, as printed, the following expressions, in reciting the note, are used, which might have led the court beibw into this conclusion, ‘‘payable in the money of this Slate ”
Currency, when bank notes is the o ily currency, does not moan money.
But “current money ofKontuoky,” docs, mean money.
Wickliffe for plaintiffs; Chinn for defendants.
But in this there is a typographical error, and <he expression ought to be, “ payable in the currency of this State,”
This court has also said, in the same case and in others, that bank notes, so lately the only currency ot this State, are not money.
And, of course, as the remedy by summons and petition, embraced notes or bonds stipulating the payment of money only, it could not embrace such notes.
But as bank notes are not money, it also follows, that this note cannot intend bank notes, but gold or silver. The word “ current” preceding the word “ money,” cannot change its meaning, because it is equally applicable to that kind of money made current by act of Congress, which in truth, is the only current money of Kentucky. Current money, does Rot mean the same thing as “ currency
It follows, therefore, that the judgment in this case is erroneous, and must be reversed with costs, and the cause be remanded fo>* further proceedings not inconsistent with this opinion.