Dillard vs. Evans.

---

## DILLARD vs. EVANS.

Words and terms used in argument between individuals, must be taken in a general sense, and not in a technical signification.
In March, 1840, bank paper continued the common medium of exchange, or ordinary circulation, in Arkansas; and of this fact, the Court is bound judicially to take notice.
Therefore, a note of that date, payable in " *common currency of Arkansas,*" is a note payable in Arkansas bank paper, and not in specie.

THIS was an action of debt, tried in Washington Circuit Court, in November, A. D. 1841, before the Hon. JOSEPH M. HOGE, one of the

Circuit Judges. John Dillard sued Lewis Evans, in debt, on a note, executed March 17, 1840, and payable in " *common currency of Arkansas.*" The defendant demurred, on the ground that the plaintiff had mistaken his remedy, and the demurrer was sustained, and judgment entered against the plaintiff, who appealed to this Court.

*Paschal* and *Evans,* for the appellant.

The instrument declared on, is a money contract; and, therefore, the action is well brought, in debt. According to the intention of the parties, the payment of the money was to be made in the common currency, and that currency, as specified and intended in the contract, was gold and silver.

*Chambers vs. George,* 5 *Littel's Reps.* 335, was decided at a time when bank paper was the general and almost exclusive currency and circulating medium of the State of Kentucky; and the contract was construed according to the popular acceptation of the terms used, of which the Court held it was bound to take notice. 3 *Mon. Rep.* 157.

But, at the time the contract declared on in this case, was entered into, bank paper was not the *general* currency in this State. There was much of specie in circulation, and the contract is to pay in dollars; and their value must be ascertained by the only standard known to the constitution.

But, admitting that bank notes were intended, still the third count of the declaration is well brought, and was sufficient.

The promise in this case being for dollars, which means the specie, the inquiry should be, not what was the value of Arkansas paper at the time the cause of action accrued, but how many of the representatives of money would have to be applied to the payment.

If foreign money is to be paid, it may be sued for in debt, or in debt in the *debet and detinct,* demanding the foreign money, and leaving the jury to assess the damages. 2 *Bac. Abr.* 287, and cases there cited. Debt is the proper remedy to recover money on all contracts, whether simple or under seal. 1 *Ch. Pl.,* title *Debt,* 123, 124. Debt is not now merely applied to the recovery of sums certain, but likewise to every contract, whether the same be certain or merely capable of being reduced to certainty. 1 *Ch. Pl., title Debt,* 123. *Morris*

*vs. Edwards,* 1 *Ohio Rep.* 189.  *Edwards vs. Morris,* 1 *Ohio Rep.* 520. *Smith vs. Goddard.  ib.* 178.

*Walker,* contra.

Debt is the appropriate form of action for the recovery of a sum of money.  There is a clear distinction between the words money and currency.  Nothing is money but gold and silver.  Currency may be money or bank notes; and will be so considered according to the facts existing at the date of the contract.  *McCord vs. Ford,* 3 *Mon.* 166. The Court is bound judicially to take notice of the currency at any given period.  *Sampton vs. Haggard,* 3 *Mon.* 149.  The contract should be construed according to the popular acceptation of the language used.  A note payable in the currency of the State, is not a contract for the payment of money.  *Chambers vs. George,* 5 *Lit.* 335.  Debt will not lie on a note payable in Tennessee currency. 2 *Yer. Rep.* 448.

A bond for the payment of $500 in horses, is a bond for the payment of property, not for money.  The expression $500 is used as the measure of the quantum of property to be paid.  Damages must be assessed by a jury, and the measure of damages should be the value of the property.  *Henderson vs. Staunton, Hardin,* 118.  1 *Bibb,* 356.

Debt only lies for a sum of money due by certain and express agreement, where the quantity is fixed and specific, and not dependent on any subsequent valuation to settle it.  *Black. Com.* 153.  Debt lies upon every express contract to pay a sum certain.  2 *Com Dig.* 137.  The great essentials in debt, are, 1st, that the contract be for money; 2d, a sum certain; 3d, specifically recoverable.  *Esp. N. P.* 172.

*By the Court,* LACY, J.

The instrument bears date on the 11th day of March, A. D. 1840, and, at that period of time, bank paper constituted the common medium of exchange or ordinary circulation for money.  Bank issues are not, in the constitutional sense of the term, lawful money or legal coin. Gold and silver alone are a legal tender in payment of debts; and

Dillard *vs.* Evans.

the only true constitutional currency known to the laws. And, had specie or current coin been the common circulating medium at the date of the note sued on, then the terms of the contract would have been restricted exclusively to that circulation. Such was not the fact; and this Court is bound judicially to take notice of the kind of circulating medium that was then in general use in the State. And the bond sued on should be construed in reference to the existing state of things at the date of its execution. The parties contracting must be supposed to use the terms in their agreement, in their ordinary and popular acceptation, and not in their strict constitutional sense. Words and terms, when used in agreements between individuals, must be taken in a general sense, and not in a technical signification. This is a rule of sound legal construction, founded alike in justice and in public policy; and its application to the case now before the Court, will readily test and determine the case before us. The terms " common currency in Arkansas," at the date of the bond sued on, unquestionably meant bank notes or paper issues, which were then the general and universal currency of the State. Gold and silver, or lawful coin, had, at that time, ceased to circulate as money, and their place was supplied by bank issues or paper money; and, consequently, the parties to the suit are presumed to have contracted, with a full knowledge and understanding of this state of things; and, therefore, it is both right and just, that their contract should be governed by the true import and meaning of the terms that they themselves have thought proper to attach to them. This point has been expressly decided, in a number of cases, by the Court of Appeals in Kentucky. *McCord vs. Ford,* 3 *Mon.* 166; *Stricker, as adm'r, vs. Miller,* 5 *Lit.* 235. In the case of *Chambers vs. George,* 5 *Lit.* 335, which was an action of petition and summons on a note, " payable in the currency," Chief Justice Boyle held the terms of the agreement to mean bank notes or paper issues at the date of the contract; paper money then constituting the ordinary circulation in that State. In this opinion we fully concur; and, consequently, the Court below decided correctly in sustaining the demurrer. The note sued on not being an obligation for the direct payment of money, of course an action of debt will not lie upon it.

Judgment affirmed.