SIMS *vs.* WHITLOCK AND OTHERS.

Covenant is the proper remedy on a bond payable in Arkansas bank notes.

If a declaration is substantially sufficient, and no special cause of demurrer to it is assigned, judgment overruling the demurrer will not be reversed.

In covenant on a bond payable in Arkansas bank notes, a breach that payment was not made either in such notes or money, on or before the day when it fell due, and that defendant has always refused, and still refuses to pay, is good.

THIS was an action of covenant, determined in the Franklin Circuit Court, in September, 1842, before the Hon. RICHARD C. S. BROWN, one of the circuit judges. John Sims sued Whitlock, Newman and Tomberlin, on a bond for $45 in Arkansas bank notes, due 25th December, 1841. The breach alleged that the defendant did not pay that sum either in such notes or money, by the 25th December, 1841, and have always refused, and still refuse to pay the same. Service on Newman and Sims. Tomberlin not found. "The defendant" demurred in short. Demurrer sustained, and judgment for "said defendant." The plaintiff brought error.

The case was argued here by *Linton,* for plaintiff in error, and *Blackburn,* contra.

*By the Court,* PASCHAL, J. It is to be observed, that no steps were taken as to the defendant not served; nor does the record show what defendant demurred. This is, certainly, a very irregular proceeding.

No cause of demurrer has been pointed out. We have looked through the declaration, which seems to be substantially good. 2 *Ark. Rep.* 115, *Davies vs. Gibson.* According to the principles settled in the case of *Dillard vs. Evans,* 4 *Ark. Rep.* 175, covenant was the proper remedy. The breach is well laid for the non-performance of the covenant, according to its terms. In our opinion, therefore, the demurrer was wrongfully sustained.            Judgment reversed.