HUDSPETH & SUTTON *vs.* GRAY, DURRIVE & Co.

Service of summons on a member of defendant's family, over *fourteen* years of age, not sufficient.
Judgment for $712 debt, on declaration for $702 debt, bad on error.
Debt cannot be maintained on a note for so many dollars, in Louisiana funds.

THIS was an action of debt, determined in the Pulaski Circuit Court, in September, 1839, before the Hon. CHARLES CALDWELL, one of the circuit judges. Gray, Durrive & Co., sued Hudspeth & Sutton on a note payable to Wm. F. Pope or order, for $702 30 in

Hudspeth & Sutton *vs.* Gray, Durrive & Co.

Louisiana funds, with interest from date at eight per cent. per annum, assigned by Pope to John H. Reed, and by him to the plaintiffs. The breach merely negatived the payment of the *principal* sum. The writ was well executed on Sutton, but on Hudspeth only by a copy served on a white member of his family over *fourteen* years of age.  Judgment by default, September 9, 1839, for $712 30 debt, $56 72 damages, interest on the debt at eight per cent. from judgment, and costs.  Writ of error issued Sept. 21, 1842.

The case was argued here by *Fowler,* for plaintiffs in error.

*By the Court,* RINGO, C. J.    Several objections are presented by the assignment of errors, most of which, from the view which we have taken of the case, it will be unnecessary to notice, as the judgment must in any event, be reversed, because the record shows not only an insufficient execution of process on Hudspeth, the return as to him being that the writ was "executed in the city of Little Rock, on 16th day of July, 1839, by leaving at the house of Charles M. Hudspeth, a copy of the within writ, with a white member of his family over 14 years of age, and informing him of the contents," when such copy, to constitute a good service, must have been given to some person over 15 years of age.    *Rev. St. Ark. p.* 621, *sec.* 13 ; but also that the judgment is given for a sum greater than is claimed, or shown by the pleading to be due, and the plaintiffs below have not thought proper to remit such excess.    The debt demanded, as well as the sum stipulated to be paid, according to the contract, as set forth and described in the declaration, is $702 30.  The judgment rendered thereon, is for the sum of $712 30 debt; consequently, it is for ten dollars more than the defendants in error claimed; and by their pleadings showed themselves entitled to recover of the plaintiffs.    The Court therefore, in giving such judgment for that amount, over the sum demanded, and shown by the pleadings, to be due from the defendants, and also in giving judgment by default against a person not legally served with process, to appear and answer the action, unquestionably erred; and, for these errors, the judgment must be reversed, annulled, and set aside with costs.    But as other questions may arise upon the pleadings,

Hudspeth & Sutton *vs.* Gray, Durrive & Co.

on the return of the case to the Court below, which are now shown by the record, and have been specially assigned as error, we think it not improper to notice them at this time.

The first, which we shall notice, relates to the breach assigned in in the declaration, and the judgment for damages given thereupon. The plaintiff in error, agreed to pay ninety days after the date of the contract, $702 30 in Louisiana funds, with interest thereon at the rate of eight per cent. per annum, from the date of the contract. The breach only negatives the payment of the principal sum ; and therefore, according to the repeated decisions of this Court, the conventional interest, or the damages computed at the rate of interest stipulated, especially if it exceeds the legal rate of interest, on contracts containing no stipulation for the payment of interest, cannot on such pleading be recovered, and such declaration, if demurred to, and the insufficiency of the breach specially assigned as ground of demurrer, would be adjudged insufficient ; because the breach is not, in such case, commensurate with the contract as the law requires it to be. *Clary & Webb vs. Morehouse, adr. Latting,* 3 *Ark. Rep.* 261; *Pelham vs. Oakey,* 4 *Ark. Rep.* 71 ; *Dickinson et al. vs. Tunstall, ib.* 170; *Bank of Louisiana vs. Watson, ib.* 170.

Another objection urged, is, that an action of debt is not maintainable on such instrument or demand, as that set forth and described in the declaration; because it is not, as it is said, a contract or legal liability for a certain and determinate sum of money, and therefore, the action is misconceived. That an action of debt will not lie, except upon a contract or legal liability to pay a sum certain in money, or for a sum of money, which may be readily ascertained, and rendered certain, is a principle, we think, too well established to be now questioned. It is so stated in most, if not all of the elementary works and treatises on pleading, in which the subject is mentioned or discussed; and there is, in the books of reports, a number of cases, in which it is reported to have been so expressly ruled. But there is no case, within our knowledge, in which the whole doctrine relating to the action of debt, and the adjudications and other authorities establishing it, have been so carefully collated, compared, and reviewed as they have been by Judge WASHINGTON, in the case of the *United States vs.*

*Calt,* reported in 1 *Peters C. C. R.,* 145; in which the general rule is stated to be, that debt will lie, whenever indebitaties assumpsit, is maintainable; and in that opinion we fully concur.

We do not however consider the contract, described in the declaration in this case, a contract to pay money, for although a certain number of dollars is mentioned, the stipulation is express to pay such number of dollars, "in Louisiana funds;" which terms, according to the common and general understanding, especially when used in such instrument as that described in the declaration, would embrace only the paper or bank notes issued for circulation by the banks of that State ; notwithstanding they may, and doubtless do, in their most comprehensive signification, include also the stocks of that State, and other securities issued by, or under its authority. Yet, as all contracts, in their construction, at least, must be governed by the object and intention of the contracting parties, to be collected from a consideration of the whole instrument, it appears to us perfectly manifest, that it was not the design of the parties, that this contract should be discharged in any stocks, or securities of that State, other than Bank notes issued for circulation as money, or in the place of money, by the Banks of that State : and it is equally clear that, by the use of the terms "Louisiana funds," it was the intention of the parties to exclude the idea that payment was to be made in money, that is, in gold or silver coin ; not only, because these terms, as used, are placed in contradistinction to the term money, but also, because that State had no authority to coin money, and there is no coined money known or distinguished by the appellation of "Louisiana funds." We are therefore of the opinion that, neither an action of debt, nor indebitatus assumpsit can, according to the principles of the common law, be maintained on the contract described in the declaration : and that the legal remedy thereon, must be by a special action on the case in assumpsit.

The same principle was stated and acted upon by the Court of Appeals of Kentucky, in the case of *January vs. Henry, &c.,* 3 *Munroe,* 8, which was an action of debt, on a note to be paid in Philadelphia funds; which funds, according to the opinion there expressed, " are not money, but consist of notes, checks, or bills upon Banks or indi-

viduals in Philadelphia, or of other means of procuring money there."
This construction of the term, "Philadelphia funds," is, we think,
rather too broad, yet it is directly in point, so far as it relates to the
question now under consideration; that is, as to the form of remedy
on such contract. It having been there expressly held, that an ac-
tion of debt cannot be supported on such instrument. The same prin-
ciple has been repeatedly asserted by that Court, in respect to actions
on contracts of a character somewhat different, as to the article or
thing in which payment was to be made : thus upon a contract for
$39, "to be discharged in bricks," or to pay "a horse at the value of
thirty pounds," it has been held, that debt is not the proper action.
*Mattox vs. Craig*, 2 *Bibb.* 584 ; *Watson & McCall vs. McNairy*, 1
*Bibb*, 356. The same principle has also been asserted by this Court,
in the cases of *Underwood vs. Jeffrey*, 1 *Ark. Rep.* 108; *Dillard vs.*
*Evans*, 4 *Ark. Rep.* 175. Judgment reversed, and Hudspeth to be
considered as in Court.