## SUPREME COURT

OF THE

# STATE OF ARKANSAS,

### In July Term, A. D. 1844, being the sixty-ninth year of our

### Independence.

---

## HAWKINS vs. WATKINS.

A draft payable "in Arkansas money of the Fayetteville Branch" cannot be made the basis of an action against the acceptor thereof.

Such an instrument was neither a bill of exchange, nor assignable, at common law.

Bills of exchange derived their *negotiable quality, from the established usage*, and principles of the mercantile law—and were only negotiable, when for the direct paymemt of money.

Bank notes, for many purposes, are equivalent to money, but a bill, or note payable in them, is not a bill of exchange at common law, nor a promissory note within 3 and 4 Anne,—and hence not assignable.

Our statute of assignments does not embrace any instrument in the form of a bill of exchange, *for any species of property—such as is the draft in this case.*

Instruments embraced within the provisions of the statute are assignable—transferring to the assignee the same right of action which existed in the original payee—but no more—no right of action is given, where none existed before.

A note for property would be assignable.

THIS was assumpsit, determined in Pulaski circuit court, in November, 1840, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. Watkins sued Hawkins on a bill, or draft in these words: "You will please pay to the order of Col. L. C. Howell, four hundred dollars in Arkansas money of the Fayetteville Branch, it being the balance of the five hundred dollar bill I sent you to exchange; your particular attention to this will greatly oblige." The draft was drawn by L. W. Wallace upon Hawkins, and by him accepted generally. Howell assigned the draft to Watkins. The declaration contained

61

but one count, in the ordinary form on bills of exchange. A default was taken against Hawkins—writ of inquiry—and damages assessed by a jury at $428. Hawkins brought error.

*Hempstead & Johnson,* for plaintiff. When a bill is payable in foreign money, it is necessary to aver the value. *Sprowle vs. Legge,* 1 *B. & C.* 16; 2 *Dow & Ryl* 15. *Vide* precedents in 1 *Wentw.* 302, 312, 314. *Kerny vs. King,* 2 *Bain & Ald.* 301. *Chitty on Bills* 95. The value of Arkansas money should have been alleged. The want of such an averment is cured by verdict, but this was a judgment by default. *Brown vs. Barry,* 3 *Dall. Rep.* 365; *Wils.* 185; *Lawes on Pl.* 373.

This bill or draft not being for money, an action will lie only on the original consideration, and an action cannot be maintained on the instrument itself. *Breckenridge vs. Rolls,* 4 *Mon.* 533. *Jones vs. Over- street, ibid* 549. *Cayles, ex'r. vs. Slatterwhite, adm'r. ibid* 124.

At all events, indebitatus assumpsit cannot be maintained on this instrument, but a special action in the case in assumpsit. *Spratt vs. McKinney,* 1 *Bibb.* 597. 5 *Bur.* 25, 89. 1 *J. J. Marsh.* 69. 3 *J. J. Marsh.* 110, 431. 2 *J. J. Marsh.* 598. *Hudspeth vs. Gray,* 5 *Ark. Rep.*

Notes are not money, and a written request to pay them, is neither in its popular or technical acceptation, a bill of exchange, draft or order. 4 *Mon.* 124, 533, 549. 1 *Bibb.* 597.

*Ashley & Watkins,* contra. Arkansas Bank notes are not foreign money. This court (much to be regretted) has uniformly recognized them as a currency peculiar to this State.

They are in truth choses in action, a species of property fluctuating in value, and which usage has made quasi currency, like notes and bills of exchange.

Since the act of Congress fixing the value of foreign coin, in de- claring on a bill for Spanish doubloons, I imagine it would not be necessary to aver a Spanish doubloon to be of the statutory value. That value has already been fixed and ascertained by law. The reason of the rule ceasing the rule would cease also.

Hawkins *vs.* Watkins.

The writing sued on was necessarily the foundation of the action, and it would have been erroneous to have sued on the original consideration. Besides, there was no privity of contract between the parties in this case. The bank notes were either money or property as distinguished from money. *Rev. Stat. p.* 107, *sec.* 1 *and* 4. *Ib. p.* 152, *sec.* 1. *Ib. p.* 628, *sec.* 65. *Ib. p.* 633, *sec.* 102.

If this is not a special action on the case in assumpsit founded on an instrument in writing, I am at a loss to conceive what kind of a declaration could be framed upon it according to our law.

The value of Arkansas money was a matter of evidence; it was ascertained in the only way it could be, by the assessment of damages. As this court have officially noticed the growth and progress of our bank note currency, perhaps they will also take notice, that when this bill was *drawn and accepted, our banks were paying specie,* and the depreciation of their paper was merely nominal, if any thing. It seems to me that phraseology used by Wallace in drawing this order, was merely matter of description to let the acceptor know on what account it was drawn, and close the transaction by showing the history of it on the face of the order, which would be a receipt to Hawkins when paid by him.

Query? Does a default confess any thing? Does the verdict of a jury upon the regular assessment of damages (*which the plaintiff in error did not move to set aside in the court below*) cure any defect? *Rev. Stat., tit. practice at law, section* 115, *et seq.*

*By the Court,* SEBASTIAN, J. [At January Term, 1843.] The main question arising upon the record, is, whether such an instrument as that sued on, is assignable by virtue of the statute of this State. *Rev. Code, p.* 107, *sec.* 1 *and* 2, which provide "that all bonds, bills, notes, agreements and contracts in writing, for the payment of money or property, or both money and property, shall be assignable." And, "the assignee of any such instrument as is specified in this act may sue for the same in his own name as assignee thereof, in the same manner that the original obligee or payee might or could do." Such an instrument as this was not assignable at common law. Bills of exchange derived their negotiable quality from the usages and well

established principles of the mercantile law. The negotiability of bills of exchange were confined to such instruments in that form as were drawn for the direct payment of money; and such is the definition of the term under our statute, *p.* 151, *sec.* 13, *Rev. Stat.* By the common law, therefore, this is not a bill of exchange. *Ch. on Bills,* 152. *Rex vs. Wilson, Baily* 11. *Jones vs. Fales,* 4 *Mass.* 245. *Leiber vs. Goodrich,* 5 *Cowen,* 186. *McCormick vs. Trotter,* 10 *Serg. & Rawle* 94. *Lunge vs. Kohm,* 1 *M. C.* 115; *and* 3 *Ark. Rep.* 73, *Gwinn vs. Roberts.* And, although bank notes are for many purposes equivalent to money, yet a bill or note for the payment of them is not deemed a bill of exchange at common law, or a promissory note within the 3 and 4 Ann, ch. 9, and consequently not assignable. Many peculiar and legal qualities belonged to such instruments, which distinguished them from choses in action. They were assignable by endorsement so as to transfer the legal title and property in them, and enable the endorsee to sue upon them in his own name. From their commercial character they imported a consideration, 2 *Bl. Com.,* and they raised against the parties to them a legal liability, and were sued on as the foundation of an action. These qualities do not belong to the instrument here sued on, unless it is aided by the statute upon assignments before referred to. Without intending to give any interpretation of the statute as to the classes of contracts to which it extends, we think it does not embrace any instrument in the form of a bill of exchange for any species of property, such as the instrument in this case evidently is. The legal operation of the statute was only to make the contracts and instruments in writing embraced in its provisions assignable, and thereby transfer the legal title and right of action to the assignee, to the same extent as they subsisted in the original obligee or payee. Its effect was merely to substitute the assignee in the rights of the assignor. It was not intended to give a right of action in the hands of the assignee where none existed before, and where no right of action pertained to the assignor he could transfer none to the assignee. A note for property would be assignable, because the payee has a right of action on the privity of contract; but could the payee of this bill have sued Hawkins on his acceptance in this form of action? We think not. The liability of an acceptor is

Hawkins *vs.* Watkins.

one raised by law applicable to mercantile instruments, and he was never liable *as such*, except upon those instruments. No right of action lay in favor of any party against an acceptor, upon the bill itself, in any other case: and, inasmuch as the statute did not intend to give a right to the original payee, where none in *this form* subsisted before, it is clear that by the endorsement the assignee acquired no new or better right. We are, therefore, clear, that the instrument in question was never assignable as a bill of exchange at common law, nor embraced within the provisions of our statute. We do not express any opinion whether the bill here sued on could be made available in any other form of action as evidence, but confine our remarks alone to the sufficiency of it as the basis of an action, or as creating any legal liability against the parties to it. Judgment reversed.

*Watkins* filed a petition for reconsideration, which at July term was overruled.