## GREGORY *vs.* BEWLY ET AL.

There is a marked distinction between debt and covenant, though there may be difficulty in determining their application to particular cases.

Debt, is appropriate upon a contract either express or implied, for the payment of a sum certain in money, or which can be reduced to certainty.

Covenant is the necessary remedy when the obligation is for an unliquidated and uncertain sum, and can only be ascertained as damages.

Debt will lie on an obligation for the payment of a sum certain, which might have been discharged in Arkansas money : but an averment that it was not paid in Arkansas money seems necessary.  *Dillard vs. Evans*, 4 *Ark.*, and *Hudspeth et al. vs. Gray, Durrive & Co.*, ante, cited.

THIS was an action of debt, determined in the Pope Circuit Court, at September term, 1843, before the Hon. R. C. S. BROWN, one of

the circuit judges. Gregory sued Bewly, Langford and Bruton, on a writing under seal, executed by them in these words: "one day after date we or either of us promise to pay to Hawkins Gregory, executor of the estate of R. T. Banks, deceased, the sum of two hundred and twenty-seven dollars and twenty-five cents, with interest at the rate of ten per cent. per annum, until paid, which may be discharged in Arkansas money, for value received, as witness our hands and seals, this January 26th, A. D. 1842." A demurrer was filed to the declaration, alleging as special causes, first, a variance between the instrument sued on and that given on oyer: and second, that debt would not lie on such writing, but that covenant was the proper remedy. The court sustained the demurrer, and gave final judgment against the plaintiff for costs, who brought his writ of error to this court.

*Linton & Batson*, for plaintiffs. The action of debt is founded on a contract either express or implied, and is confined to the recovery of a debt *eo nomine* and *in numero*. 4 *Co*. 93. *Bac. Abr.* "Debt" *Bul. N. P.* 167, and is of a more extensive and general nature than either covenant or assumpsit. 1 *Chit. Pl.* 97. It will lie on an obligation for the payment of a certain sum of money, which might be discharged in property. *Dorsey vs. Lawrence, Hard.* 505; *Ballinger vs. Thruston,* 2 *Rep. Const. C. S. Ca.*; and will lie on an article of agreement, containing a stipulation to pay a certain sum of money, notwithstanding it may contain various other stipulations, for which no action of debt would lie. *Barry vs. Alsbury,* 6 *Litt. Rep.* 149.

*By the Court,* SEBASTIAN, J. We have examined the record, and find no variance between the writing sued on, and that produced on oyer, and presume the court below sustained the demurrer on the other ground, taken in the demurrer. There is a broad and marked distinction between the actions of debt and covenant, though there is some difficulty in determining the application of those remedies to particular cases. Debt is the appropriate action upon any contract, express or implied, for the payment of a sum certain in money, or which can be reduced to certainty; 1 *Chit. Pl.* 97; and proceeds for the recovery of a debt, as contradistinguished from damages,

Covenant is the necessary remedy, where the obligation is for the payment of an uncertain and unliquidated sum, which can be only ascertained by a jury as damages. *Chit. Pl.*

The obligation sued on in this case is for the direct payment of money, and for a sum certain. The alternative condition attached to it by which it may be discharged in Arkansas money, was only a stipulation introduced for the benefit of the makers, by performing which they might have discharged themselves from their obligation to pay the money. It was a mere means of payment, by availing themselves of which, at the maturity of the obligation, they would be discharged. *Day vs. Lafferty*, 4 *Ark. Rep.* 450. Failing in this, the obligation loses its alternative character, and becomes a simple and absolute bond for the direct payment of money. Debt, with an averment that payment had not been made in Arkansas money, will therefore well lie upon such an obligation. *Dorsey vs. Lawrence, Hardin Rep.* 508. *Ballinger vs. Thruston*, 2 *M. Const. Rep. S. C.* 447. *Bac. Abr., title*, "Debt." The obligation here sued on, is distinguishable from the case of one payable primarily in "common currency of Arkansas," which this court has declared to be bank notes of the State of Arkansas. *Dillard vs. Evans*, 4 *Ark. Rep.* 175. *Hudspeth et al. vs. Gray, Durrive & Co.*, 5 *Ark. Rep.* 157. In such case the obligation is understood to be for the payment of such currency according to its nominal value, and upon which the obligee can recover only the real value of such currency, at the time of the maturity of the obligation. According therefore to the view taken above, the circuit court erred in sustaining the demurrer to the declaration below.

The judgment is therefore reversed with costs, and the cause remanded to the circuit court of Pope county, with instructions to overrule the demurrer.