Scott, J. This was a proceeding to revive a judgment and continue its lien on land. The defendant in error sued out process of sci. fa. against the plaintiff in error, returnable into the Pulaski circuit court, at the October term, 1845, which was returned by the sheriff of that county as executed, not only upon the plaintiff in error, but also upon John Brown and David Skelton, his terretenants. During the return term, the plaintiff in error filed his motion “ to set aside the sheriff’s return on the sci. fa.J which motion was pending and undetermined when the defendants in error moved to amend the writ of sci. fa., “ by striking out that portion commanding the sheriff to summon the terretenants,” and immediately afterwards, on the same day, the plaintiff in error filed his motion or demurrer, seeking “ to quash and set aside” the writ of sci. fa. for misjoinder of parties: whereupon the court “sustained the motion to amend” and “ overruled the demurrer.” To which decision of the court in sustaining the motion to amend and in overruling the demurrer the plaintiff in error excepted at the time, and his bill of exceptions sets out a literal copy of the sci. fa. and of the sheriff’s return thereon prior to the amendment, by which it appears that the sci. fa., prior to its amendment, run not only against the plaintiff in error, but also against his terretenants, and that the amendment allowed removed the objection taken by the demurrer, and that the court then adjudged the sci. fa. and the return thereon sufficient in law and overruled the demurrer: whereupon, by the leave of the court, the plaintiff in error filed three pleas in bar: The 1st, setting up a levy on real estate of the plaintiff in error subject to sale for the satisfaction of the judgment, of value more than sufficient to satisfy the judgment, which levy had never been, in any manner, disposed of or discharged by sale or otherwise howsofever. (a) 2d, Payment of the judgment in full. 3d, Nul tiel record of such judgment as is mentioned in the writ. (a) Note by the Reporter. It having been decided by this court that a levy upon lands, undisposed of, is a satisfaction, pleas of this kind may become frequent; and as this plea was drawn by Daniel Ringo, Esq., an able and accurate pleader, and as this court have held it good on demurrer, it may be useful to the bar to print it here. The Plea. — “ And the said defendant, by his attorney, comes and defends, &c., and says that the said judgment in said scire facias mentioned ought not to be revived, and execution thereof had against him, nor the lion thereof continued as to the real estate owned by him at the time of the rendition of said judgment, or at any timo subsequently thereto; bocauso he says that after the recovery of said judgment as in said scire facias mentioned, to wit: on the 30th day of October, 1843, the said plaintiff, for the obtaining satisfaction of said judgment, sued out, and caused to bo issued thoreon, from the office of the clerk of said circuit court, a certain alias writ of fieri facias, signed by H. Haralson, then clerk of said court, by J. A. Hutchings, liis deputy in said office, sealed with the seal of said court, and bearing date the day and year last aforesaid, which said writ run in the name of the State of Arkansas, was addressed to the sheriff of the county of Pulaski, and after reciting that ‘ whereas Joel Johnson, who sued for the use of Chester Ashley and George C. Watkins, on the 10th day of November, in the year of our Lord, 1840, at our circuit court, recovered against James C. Anthony the sum of eight hundred dollars,, debt, and the further silm of forty dollars damages, besides costs, which costs amount to the sum of twelve dollars and seventeen and a half cents; and whereas the said Joel Johnson hath had no execution of satisfaction upon his said judgment; and whereas since the rendition of the judgment in this case, the said Joel Johnson hath departed this life, and letters of administration have, in due form of law, been granted by the probate court of Pulaski county to John Humphries on said estate; and whereas, on the 28th September, 1842, at our circuit court aforesaid, it was ordered and considered by said circuit court, that said judgment be and the same was revived in favor of the said John Humphries as such administrator, for the use of the said Chester Ashley and Georgo C. Watkins against the said defendant, James C. Anthony, and that said administrator for use as aforesaid, should have execution thereof against said Anthony for the debt, interest, damages, and twenty-nine dollars and seventy-five cents for his costs in the scire facias to revive said original judgment,’ commanded the said sheriff, as he had theretofore been commanded, that of the goods and chatties, lands, and tenements of thesaid James C. Anthony, ho should cause to bo made the debt, damages and costs aforesaid, so that he should have the debt, damages and costs aforesaid before our said circuit court, on the 23th day of November, A, D. 18-13, and should then and there certify how he had executed said writ; which said writ afterwards, and before the return day thereof, to wit: on the day and year last aforesaid, in the county of Pulaski aforesaid, was placed in, and came to tho hands of James Lawson, Jr., then sheriff of the county of Pulaski aforesaid, to be by him executed according to law; and the said defendant avers that afterwards, and before the return day of said writ, to wit: on the first day of November, in the year last aforesaid, in the county of Pulaski aforesaid, the said James Lawson, Jr., as sheriff of the county of Pulaski aforesaid, levied and seized, on and by virtue of said writ, for the satisfaction of tho debt, damages and costs aforesaid, certain real estate, lands, situated in the county of Pulaski aforesaid, the property of the said defendant, of great value, to wit: of the value of two thousand dollars, sufficient to pay and satisfy to thd said plaintiff for the use, &c., as aforesaid, the debt, damages and costs aforesaid, together with all the legal costs and charges of making the sale thereof and paying over to said plaintiff, for the use aforesaid, the debt damages, and costs aforesaid, to wit: the west half, &c., [here ike lands levied upon are described,] which levy and seizure of the lands aforesaid, for the purpose aforesaid, was by said James Lawson, Jr., as such sheriff as aforesaid, on the day and year last aforesaid, endorsed in writing on the baek of the writ of execution aforesaid; which said lands so levied and seized as aforesaid, have not as yet been sold by said James Lawson, Jr., for the satisfaction of the debt, damages and costs aforesaid, nor hath any part or portion thereof ever been sold for that purpose, nor have they been in any manner released or discharged from said seizure and levy for the purpose aforesaid; and this the said defendadt is ready to verify; wherefore he prays judgment, whether the said judgment in said writ of scire facias mentioned, or the lien thereof on the real estate of said defendant ought to be revived, and said plaintiff, for the use aforesaid, have any other or further execution thereof against the said defendant or his real estate owned by him at the time of the rendition of said judgment or at any time subsequent thereto, See.” 11INGO & TRAPNALL, Attorneys for defendant. To the first pica, defendant in error filed his demurrer; to the second pica, he filed his replication denying the payment; and to the third pica, his replication affirming- the existence of the record. To the demurrer to the first plea, plaintiff in error joined, and after argument it was submitted, and by the court taken under advisement; to the second and third pleas, issues of fact were joined, both of which were tried by the court and found for the defendants in error; on which finding judgment final was rendered by the court that the original judgment be revived and the lien thereof continued and that execution issue. The plaintiff in error then filed his motion for a new trial, which was overruled. To which opinion of the court overruling the motion for a new trial, plaintiff in error excepted, and by his bill of exceptions all tbe evidence adduced on the trial of the issue joined on the plea of nul tiel record is set out, which consisted of a judgment entry (read from the record book in which the proceedings and judgment of the circuit court of Pulaski county had and pronounced at the September term, A. D. 1840, are entered and recorded) of the original judgment, which is the foundation of these procedings, entered there as by default, and also the judgment entry (read from the record book in which the proceedings and judgments of the circuit court of Pulaski county had and pronounced at the September term, A. D. 184-2, are entered and recorded) of the revival of said original judgment, in the name of Humphries, as administrator, also entered there as by default. To the reading of all which said plaintiff in error, on the trial of the issue formed on the plea of nul lid record, objected, and his objection was overruled. Numerous supposed errors by the court below are assigned in this court by the plaintiff. The first and second assignments will be considered together, as they both relate to the motion to set aside the return of the sheriff to the sci. fa., to the motion or demurrer to quash that writ, and to the'granting of the motion to amend. In the cases of James Danley vs. Rabins' heirs, reported in 3 Ark., and of Ashley vs. Hyde & Goodrich, reported in 2 English, 92, the legal effect of a motion for a new trial ,is clearly declared: and the doctrine of these cases, when applied to this, cuts out from the record, and takes from the view of this court, the first bill of exceptions taken by the plaintiff in error, which, until that motion was made, presented the facts upon which these two assignments are based. And as the supposed mis-joinder of parties does not, otherwise, appear than by this bill of exceptions, thus taken from the view of this court, inasmuch as the sci. fa., as contained in the record now before the court, is against the plaintiff in error alone, the demurrer for the supposed misjoinder of parties must be considered as having been properly overruled. The fact that the sheriff executed a sci. fa., running against the plaintiff alone, upon the plaintiff in error, and also upon two other persons, against whom the process did not run, cannot impair either the writ or return; at most, it was but supererogation on the part of the sheriff, without legal effect. And as there is nothing- in the record now before this court, upon which the leave given by the court below to amend, could have operated, the granting of that motion must be considered as having been inoperative. (a) Note by the Reporter. The writ of scire facias referred to by the court, as copied in tiie bill of exceptions, is as follows: “State of Arkansas, County of Pulaski: SS. The State of Arkansas, to the Sheriff of Pulaski County — Greeting : Whereas Joel Johnson, who sued for the use of Chester Ashley and Geo. C. Watkins, plaintiff, on the 10th day of November, A. D. 1840, in our Pulaski circuit court, recovered against James C. Anthony, defendant, the sum of eight hundred dollars debt, and also the sum of forty dollars damages which were adjudged to him, as well as all the costs in and about that suit expended; and since the rendition of said judgment the said plaintiff, Joel Johnson, has departed this Ufe, and letters of administration of all and singular the goods and chattels, rights and credits of the said Joel Johnson, deceased, were after-wards, in due form of law, granted to John Humphries, of said county of Pulaski: Now, therefore, you are hereby commanded to summon the said James C. Anthony, defendant, as aforesaid, to appear before our Pulaski Prolate Court, on the first day of the next term thereof, to he held at the court house in the county of Pulaski on the first Monday of March next, it being the 7th day of March, A. D. 1842, to show cause, if any he can, why the judgment above recited should not be revived and execution issue thereon, in the name of the said John Humphries, as administrator, as aforesaid, against him, the said James C. Anthony; and then and there make due return of this scire fa-cias: herein fail not. The third assignment is predicated upon the action of the court below upon the first plea of the plaintiff in error. To this plea there was a demurrer and joinder, and after argument it was submitted and taken under advisement. And although the record does not otherwise disclose the holding of the court below on this question of law thus presented, the subsequent final judgment of the court in favor of the defendant in error and against the plaintiff in error after the trial of the two issues of fact, necessarily shows that the matter set up in this plea was taken and held by the court below to be insufficient to bar the action. The question, then, presented by this assignment, is the sufficiency of this first plea. And this question was directly determined in the affirmative at the January term, A. D. 1848, of this court in the case of Anderson vs. Fowler, the doctrine of which case we are not disposed to disturb. Therefore in holding the matters set up in this first plea of the plaintiff in error to have been insufficient to bar the action of the defendant in error, there was manifest error in the court below. The other assignments will be considered together, as they all, subsequently, call in question the evidence adduced on the trial of the issue of fact formed on the plea of nul tiel record. The judgments read in evidence were clearly not void; and the error on the face of the sci. fa., which preceded the second one, irregularly brought to the knowledge of the court below — manifestly a clerical misprision, which could have in truth neither injured or deceived any one — was clearly amendable in the court below, and in this court would be considered as amended.(a) But, however erroneous might have been these judgments in point of law, nevertheless, while they stood unreversed and not in any manner vacated, they could not in point of fact be questioned in this collateral way on the plea of nul tiel record, but were clearly admissible in evidence to prove the issue formed on this plea. In testimony whereof, I have hereto set my hand and affixed the seal of < L. S. > office, as clerk of said circuit court, this tenth day of February, A. D. i * 1842. LEMUEL R. LINCOLN, Cllc.” But, for the error of the court below in holding the first plea of the plaintiff in error insufficient to bar the action of the defendant in error, the judgment must be reversed.