---

RAIGAUEL & CO., USE OF LINDAUER VS. AYLIFF.

An instrument of writing, directing the payment of a certain sum "from proceeds of drafts," is not a bill of exchange according to the law merchant; nor can the payee maintain an action thereon, on non-payment, against the maker. (*Owen vs. Lavine*, 14 *Ark.* 389, reviewing previous decisions).

A draft, drawn upon a particular fund, is not admissible in evidence under the common counts for money, &c., without proof of its execution by the defendant.

An instrument drawn upon a particular fund, and not purporting upon its face to have been executed upon any consideration, is not, of itself, evidence of indebtedness by the defendant under the money counts.

*Appeal from the Circuit Court of Pulaski County.*

Hon. WM. H. FEILD, Circuit Judge.

S. H. HEMPSTEAD, for the appellants. That the bill was evidence of consideration, and a right of action existed in the payee, see the case of *Owen vs. Lavine*, 14 *Ark.* 390.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of assumpsit, brought in the Pulaski Circuit Court, by William Raigauel, Augustus Raigauel, and John Eckel, partners, under the style of Raigauel & Co., suing for the use of Lindauer, against Charles Ayliff.

There were five counts in the declaration. The first four upon the following instrument:

$650.                    LITTLE ROCK, ARKANSAS,     }
                                    *March* 23d, 1853.  }

From proceeds of drafts of ΓMessrs. Adams & Timms, in my favor, filed in your office, pay to the order of Messrs. Raigauel & Co., of Philadelphia, six hundred and fifty dollars, acceptance waived, and charge, without further advice, to account of

                    Your ob't serv't.,

                                    C. AYLIFF.

To THE AUDITOR POST OFFICE ACCOUNTS,
                    *Washington City, D. C.*

The *first* count described the instrument as a *bill of exchange*, averred its execution and delivery to plaintiffs, by defendant, its presentment for payment to the Auditor of Post Office Accounts, non-payment, and notice thereof to defendant.

The *second* count described the instrument as an *order*, with like averments.

The *third*, as an *order*, with like averments, and that defendant had no effects or moneys in the hands of the Auditor of Post Office Accounts, at the time the instrument was drawn, &c., for the payment thereof; and was, therefore, not entitled to notice of non - payment.

The *fourth* count described the instrument as a " *contract in writing*," with averments of its execution, delivery to plaintiffs, presentment, and non-payment by the drawee.

The *fifth* count alleged that defendant was indebted to plaintiffs in the sum of $1000, for goods, &c. A like sum for money lent, &c. A like sum for money paid by the plaintiffs for the

use of defendant : and in a like sum for money received by the defendant for the use of the plaintiff.

The defendant obtained oyer of the instrument sued on, and demurred to the first four counts in the declaration, on the grounds that the instrument declared on was not a bill of exchange, and could not be made the basis of an action.

The court sustained the demurrer.

The defendant pleaded non-assumpsit to the fifth count, issue was taken thereto by the plaintiffs, the cause submitted to the court sitting as a jury, and finding and judgment for the defendant.

Upon the trial of this issue, it appears from a bill of exceptions taken by the plaintiffs, that to sustain the issue on their part, they read in evidence the instrument above copied; and then proved that it was presented by the plaintiffs on the 13th September, 1853, to the Auditor of Post Office Accounts at Washington, for payment, and payment thereof refused. And that neither at the time of drawing the draft, nor at any time afterwards to the time of the presentation thereof for payment, had the defendant any funds in the hands of the Auditor, or in his office, to pay the draft. Which was all the evidence introduced by the plaintiffs, the defendant objecting to its introduction, and the court overruling the objection.

That the plaintiffs insisted upon the court to hold, as matter of law : *first*, that the draft was sufficient evidence of money had, and received by the defendant, from the plaintiffs, to entitle them to judgment on the money counts : and *second*, that it was not necessary to enable the plaintiffs to recover, that any proof should be offered of the original consideration, other than as contained and evidenced in and by the said draft, and the proof connected therewith : *third*, that on the law of the case, the plaintiffs were entitled to judgment.

But the court refused so to hold, and decided : *first*, that without further proof of the original consideration, other than that offered, the plaintiffs were not entitled to judgment : and *second*,

that the draft was not, of itself, evidence of the right of the plaintiffs to recover.

The plaintiffs appealed to this court:

1. It is well settled by the decisions of this court, that the instrument sued on being drawn upon a particular fund, is not a bill of exchange according to the law merchant. *Hamilton vs. Myrick & Williams*, 3 *Ark. Rep.* 541; *Gwin vs. Roberts*, *ib.* 72; *Wilamowicz vs. Adams*, 13 *Ark.* 12; *Owen vs. Lavine*, 14 *Ark.* 389.

It is supposed by the counsel for the appellants, that the case of *Owen vs. Lavine*, in which the previous decisions of this court, on the subject of the negotiability of such instruments, were reviewed, some of them approved, and others overruled, settles the question that the payees, in the instrument now before us, could maintain an action upon it against the drawer, on non-payment by the drawee, they being the immediate parties to the instrument.

In that case, Foster drew an order upon Owen, in favor of Lavine, payable out of Foster's cotton crop, which was accepted by Owen, and the suit was brought by Lavine against Owen, upon the acceptance. And this court held that the contract being complete by the acceptance, was, in effect, the same as if Owen had made his promissory note payable to Foster in property or upon a contingency, and Foster had assigned it to Lavine; and that Lavine could maintain the action upon the acceptance, overruling *Hawkins vs. Watkins*, 5 *Ark.* 481, and *Henry vs. Hazen*, *ib.* 501; but approving *Hamilton vs. Myrick & Williams*, 3 *Ark.* 541, and *Gwin vs. Roberts*, *ib.* 72.

And the court said: "It does not follow, that upon such a contract the *payee* or endorsee could hold the drawer, or any intermediate assignor primarily liable upon notice of non-payment by the acceptor."

In the case at bar, the suit was brought by the payees against the drawer of the instrument, on failure of payment by the drawee, and falls fully, upon principle, within the rule established in *Hamilton vs. Myrick & Williams*, and *Gwin vs. Roberts*.

598      CASES IN THE SUPREME COURT

Raigauel & Co., use of Lindaner vs. Ayliff.      [JULY

The court below, therefore, did not err in sustaining the demurrer to the first four counts of the declaration, which were upon the instrument.

2. The fifth count, we may suppose, was intended to recover the original consideration upon which the draft was drawn, but not being upon the draft, it could be introduced as evidence, for no purpose, without proof of its execution by the defendant, which, it appears, was not done; and, on that account, should have been excluded by the court. 2 *Greenleaf's Ev.*, sec. 158, 159, 162; *Digest*, *chap.* 126, sec. 103.

3. The instrument not purporting upon its face to have been executed upon any consideration, and not being a bill of exchange, note, order, draft, or check, within the law merchant, imported no consideration; and was, of itself, no evidence of indebtedness by the defendant to the plaintiffs, under the money counts, and the plaintiffs were not entitled to recover without other proof. *Owen vs. Lavine, ubi. sup.; Chitty on Bills* 144; 2 *Greenleafs Ev.*, secs. 105, 112, 172.

The judgment of the court below is affirmed.