65    71
f80   550.

## JOHNSON *v.* DOOLEY.

### Opinion delivered February 19, 1898.

BILLS AND NOTES—PROMISE TO PAY IN BONDS.—A note for $1,000, "payable in levee bonds of the state of Arkansas at par," is not an undertaking for the payment of money, but for the payment in such bonds absolutely, so that the payee, on the maker's default, is entitled to damages only to the extent of the value of such bonds, and not to the sum of money named, with interest. (Page 74.)

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

*Dodge, Johnson, Carroll & Pemberton*, for appellant.

·A claim must be properly authenticated when presented to an administrator, in order to give a right of action thereon for his refusal of it. Sand. & H. Dig., §§ 114, 119; 30 Ark. 755; 48 Ark. 304; 48 Ark. 360. In a suit by an administrator,

neither party will be allowed to testify against the other, as to transactions with the deceased. Const. of Ark. § 2 of schedule; 26 Ark. 476; 31 Ark. 364; 30 Ark. 285; 43 Ark. 307; 51 Ark. 401; 52 Ark. 550; 54 Ark. 185. Express waiver of actual production does away with the necessity for it in a . tender. 66 Me. 459; Clark, Cont. 641; 57 Conn. 105. If a new agreement or contract is accepted in satisfaction of a claim, the accord and satisfaction is good without performance. 3 Johns. (N. Y.) 243; 49 Am. Dec. 65; 11 Tex. 336; 1 Am. & Eng. Enc. Law (2d Ed.,) 243, and cases cited in note 2. The new agreement entered into by the parties took the place of the original one. 23 Vt. 561; 8 Vt. 141; Clark, Cont. 611; Lawson, Cont. § 395; 119 N. Y. 198; 39 Mich. 436;37 N. E. 456; 36 Pac. 1098; 82 Vt. 614 and cases cited; 28 Ark. 193. The suit should have been based on the new agreement, which was not a promissory note, but a contract for the delivery of goods. 3 McLain, 106; 14 Peters, 299; 11 Humph. 439; 3 Yerger, 435; 5 Grattan, 163; 23 Wend. 73; 6 Cowen, 108. The most to which the appellee can claim to be entitled to recover would be the value of the bonds, and not the amount of the original note. 4 Ark. 176; 3 Mon. 166; 5 Litt. 225; 5 Litt. 335; 4 Ark. 368. Hence, no such money judgment should have been rendered. 5 Ark. 262; *ib.* 481; Chitty, Bills, 152; Baily, 11; 4 Mass. 245; 5 Cow. 186; 10 Serg. & Rawle, 94; 3 Ark. 73; 5 Ark. 107; *ib.* 103; 6 *ib.* 358; Mar. & Yer. 225; 1 Rand. Com. Pap. § 96, and cases cited in note; *ib.* § 101; 5 Ark. 105; 1 Pars. Notes, 37 and 45; Story on Prom. Notes, §§ 17 and 18; 9 Ark. 58; 4 Ark. 534; *ib.* 147; 31 Ark. 319.

*P. C. Dooley*, for appellee.

The phrase in the note, "payable in levee bonds of the state of Arkansas, etc." simply gives the maker the privilege to so pay the note. If the option is not taken advantage of, it is forfeited, and the obligation becomes absolute for the payment of money. 5 Ark. 318; 4 Ark. 450; Hardin, 508; 2 M. Const. Rep. ' (S. C.) 447; Bac. Abr. title "Debt;" 4 Ark. 175; 5 Ark. 151; 9 Ark. 58; 30 Ark. 285; 8 Ark. 124; 2 Parsons, Cont. 163; 7 Ala. 175; 4 Yerger, 177; 5 Humph. 423;

14 Vt. 457; 3 Day, 327; 1 O. (Hammond), 524; 3 Sneed, 145; 4 Humph. 336; *ib.* 247; 5 Yerger (Tenn.), 435; 31 Ark. 319. An accord, to be a bar, must be received and accepted as a satisfaction. Accord without satisfaction is no bar, and, even if Mrs. Hewitt agreed to the alleged new agreement, it was never executed, nor was performance tendered to her. Hence it is no discharge of the first obligation. 33 Fed. 5; 2 Ark. 45; 4 Ark. 203; 54 Ark. 185; 33 Ark. 572; 64 Am. Dec. 143; 2 H. Black. 317; 4 Paige, 305; 44 Me. 121; 110 Mass. 202; 10 Allen, 516; 72 Me. 481; 1 Am. & Eng. Enc. Law, p. 95; 23 Wend. 342; 5 Johns. 392; 19 Wend. 408; 2 Miss. 584; 22 Wend. 325; 13 Mass. 424; 64 Me. 563; 57 N. H. 511; 12 R. I. 344; 38 Fed. 5; 4 Ark. 193; T. Raym. 203; 2 Keble, 690; 9 Rep. 79b; Croke, Eliz., 46; T. Raym. 450; T. Jones, 158; 2 Keble, 332; *ib.* 534; *ib.* 851; 2 Iowa, 553; 3 Johns. Cas. 243; 5 Johns. 386; 8 Ohio, 393; 7 Blackf. 582; 23 Wend. 342; 2 Pike, 45; 23 Wend. 342; 14 B. Mon. 457; 1 Gray, 245; 20 Wall. 289; 13 How. 355. The presentment to the administrator was sufficient to base suit on. 29 Ark. 243; 20 Ark. 424; 19 *ib.* 224; 25 Ark. 220; 13 Ark. 276; 21 Ark. 274.

WOOD, J. This appeal is from a judgment of the Pulaski circuit court in favor of appellee, based upon the following instrument: "$1,000. Keesville, N. Y., Aug. 3, 1882. On the first day of January, 1883, for value received, I promise to pay Laura S. Hewitt one thousand dollars, with interest, payable in levee bonds of the state of Arkansas, at par, and at Little Rock, in said state. N. G. Hewitt."

The case was tried by the court sitting as a jury, and the facts, as found by the court, are as follows: "The court finds the note executed August 3, 1882, and due January 1, 1883; that N. G. Hewett died February 6, 1887, and letters of administration were issued on his estate February 19, 1887; [that] the claim was presented in due form of law to the administrator on December 15, 1888, within two years of granting of letters; that the levee bonds and furniture, claimed to have been accepted under the agreement of December, 1886, were never, in fact, delivered and accepted in satisfaction of said note, and that the accord was never consummated, though it was agreed upon by the parties; and plaintiff is entitled to judgment for $1,000

interest at 6 per cent. from August 3, 1882." The court declared the law as follows: "The note is for $1,000, with interest at 6 per cent. from date, with right of maker to discharge in levee bonds at their face at maturity. Not having been so discharged, the maker was liable for the amount stated in money, and, this never having been paid or settled, the plaintiff is entitled to judgment for the full amount and interest from date, and judgment ordered accordingly.

The word "payable," when used in commercial transactions, and in instruments like the one in suit, means "to be paid," rather than "which may be paid." Century Dict. "Payable," 2. Both terms, when used in similar instruments, received an early construction by this court, which has not been departed from, and to which we adhere. In *Day* v. *Lafferty*, 4 Ark. 450, the suit was in covenant upon the following instrument: "$129.50. By the first of April next, we promise to pay Lorenzo D. Lafferty one hundred and twenty-nine dollars and fifty cents, for value received, payable in current Arkansas Bank Notes. Witness our hands and seals, this 24th December, 1870." A plea of tender was set up, and a demurrer was sustained to said plea by the lower court, one reason being "that tender was not made on the day of payment." In discussing this, the court, through Judge Dickinson, said: "We consider the law well settled that, if a party covenants to pay in specific articles, he must meet his contract at the time and in the manner specified. Tender cannot be made after the day, unless the damages are capable of being reduced to certainty by computation; nor can it be pretended that it is possible to do so, in this instance, without the intervention of a jury." In *Gist* v. *Gans*, 30 Ark. 309, Judge English, after quoting the above, said: "The effect of this decision is that the obligation sued on was not payable in money, but in bank notes, the value of which would have to be assessed as damages. In *Dillard* v. *Evans*, 4 Ark. 176, the suit was in debt on a note payable "in the common currency of Arkansas," and it was held that the note sued on was not an obligation for the direct payment of money." See also *Hudspeth* v. *Gray*, 5 Ark. 157; *Graham* v. *Adams*, 5 Ark. 262; *Hawkins* v. *Watkins*, 5 Ark. 481; *Wallace*

v. *Henry*, 5 Ark. 107; *Sims* v. *Whitlock*, 5 Ark. 103; *Wilburn* v. *Greer*, 6 Ark. 358; *Bizzell* v. *Brewer*, 9 Ark. 58.

In the case of *Gregory* v. *Bewley*, 5 Ark. 518, the writing sued on was as follows: "One day after date we or either of us promise to pay to Hawkins Gregory, executor of the estate of R. T. Banks, deceased, the sum of two hundred and twenty-seven dollars and twenty-five cents, with interest at the rate of ten per cent. per annum until paid, which may be discharged in Arkansas money." In *Hays* v. *Tuttle*, 8 Ark. 124, the writing sued on was a note in the ordinary form for forty dollars, with this closing sentence: "This note may be paid in the currency of Arkansas." In these cases it was held that the words "may be discharged," or "may be paid," imported an alternative condition in the writing by which the maker might discharge his obligation for the payment of money at maturity in the particular funds or property specified, but, if he failed to do so at maturity, the privilege was gone, and the obligation to pay in money or specie became absolute. There is no conflict between these cases and *Day* v. *Lafferty* and other cases, *supra*, but a clear distinction, which Judge Sebastian recognizes in *Gregory* v. *Bewley*, *supra*, as follows: "The obligation here sued on is distinguishable from the case of one payable primarily in common currency of Arkansas." Citing *Dillard* v. *Evans* and *Hudspeth* v. *Gray*, *supra*.

The obligation in the case at bar was payable primarily "in levee bonds of the State of Arkansas." There is nothing in the record to show that the term "payable" in the obligation sued on was used in any other than the sense in which that term is usually employed in ordinary commercial or other business transactions. The common acceptation of the term, when so used, is "to be paid," as indicated in the beginning of this opinion, and it does not signify any alternative condition, privilege or option, but the positive and absolute condition of payment at the time, place and in the specific funds named. The court therefore erred in its declaration of law.

We find no other error; but for this the judgment is reversed, and the cause is remanded for new trial.