[No. 3,055.]

## WHITCHER *v.* WEBB.

PROMISSORY NOTE MADE DUE WHEN INTEREST IS NOT PAID.—When a promissory note, payable at a future time, provides for the payment of interest quarterly, and contains a clause that if default be made in the payment of the interest quarterly, then the note shall immediately become due at the option of the holder, a failure to pay the interest makes the whole amount of the note due absolutely, at the option of the holder, if he so elect, without any notice from the holder to the payor.

IDEM.—In such case the holder has no duty to perform to the payor, and the latter has no excuse to delay payment.

RELIEF IN EQUITY AGAINST ENFORCEMENT OF CONTRACT.—If a promissory note, payable at a future day, provides for the payment of interest quarterly, and that if default be made in the payment of interest quarterly that the whole note shall immediately become due at the option of the holder, a failure to pay the interest makes the principal due, and a Court of equity will not relieve against the enforcement of the contract as made.

INTEREST ON JUDGMENTS.—A decree enforcing a mortgage rendered after the passage of the Act of 1867-8, concerning interest, may contain a provision making the sum due bear interest at seven per cent per annum.

APPEAL from the District Court, Third Judicial District, Alameda County.

The decree was entered March 2d, 1871. The defendant appealed.

The other facts are stated in the opinion.

*James C. Carey*, for Appellant.

The mortgage and note must be construed together, and Webb was entitled to fifteen days in which to pay interest, after notice that Whitcher had elected to declare the principal sum due. (*Broderick* v. *Smith*, 26 Barb. 549.)

The case comes within the principles of equity, on which relief against forfeitures is granted as between mortgagor and mortgagee. (4 Kent's Com. 179; Story's Eq. Jur. 1313; *Noyes* v. *Clark*, 7 Paige, 179; *Johnson* v. *Haulditch*, 1 Burr. 578.)

*J. F. & H. H. Haven*, for Respondent.

It was no part of agreement contained in the notes and mortgages that demand should be made, or that notice should be given. Nor was the contract changed or modified by any act or doings of Whitcher, relating to the first quarter's interest. Nor was Webb misled thereby.

We fail to see the application of principle of equity referred to by defendant's counsel. The points assume that Whitcher has not only done what was illegal and inequitable, but been guilty of "unconscionable, oppressive, and unreasonable conduct," which we deny.

By the Court, WALLACE, C. J.:

On January 19th, 1870, Webb made two promissory notes to Whitcher for the payment to the order of the latter of two several sums of money, at twelve and twenty-four months respectively, without grace, with interest payable quarterly. The notes were given for the purchase price of certain lands, and they each contained the following clause : "And if default be made in the payment of the interest quarterly, as above provided, then this note shall immediately become due, at the option of the holder thereof." The notes were secured by mortgage of certain real estate in Alameda County, and the mortgage contained a clause to the effect that if default should be made in the payment of the stipulated interest for the period of fifteen days after the same became payable according to the tenor of the notes, then the mortgage might be foreclosed for the entire sum due upon the notes, principal and interest, etc.

On the 8th of September, 1870, this action was commenced, the complaint alleging that on the preceding 19th day of July "the second quarter's interest on said principal sum fell due and has not been paid, and the same has been

due and unpaid for more than fifteen days, whereby and by reason of such default in the payment of said interest, the said notes became due," etc.

The defendant answered the complaint, and on the trial it appeared that before the interest for the first quarter became due Whitcher had deposited the notes and mortgage with the Oakland Bank for collection of the interest as it would fall due. Shortly before April 19th, 1870, when the first quarter's interest became due, the defendant received a notice from the bank to the effect that the interest would become due on that day, and requesting its payment when due, and shortly thereafter Webb paid the interest for that quarter to the bank.

The next quarter's interest fell due on the 19th of July, 1870. The defendant received no notice from the plaintiff nor from the bank to pay it; and not having paid it on the 19th of July, nor within fifteen days thereafter, the plaintiff placed the notes and mortgage in the hands of his attorney for collection of the principal and interest; the attorneys on the 6th of September, 1870, addressed a note to the defendant, informing him of that fact, and that unless immediate payment was made they would commence proceedings to foreclose. On the next day the defendant had an interview with the plaintiff's attorneys, who informed him that the plaintiff had elected to claim the payment of the principal and interest of both notes under the stipulation contained in the notes and mortgage, and the defendant then said that "he would fight it and keep plaintiff out of his money longer than if he received the interest."

The Court below rendered a decree for the principal and interest upon both notes, and directing that the mortgaged premises be sold, etc.—the decree to bear interest at the rate of seven per cent per annum.

1. The promise to pay the interest quarterly was absolute, and the consequence of a failure upon the part of Webb to do so left it wholly optional with Whitcher to insist upon the payment of the entire debt or not as he might elect. Webb was not entitled to notice in advance that if he failed to pay the interest quarterly Whitcher would insist upon his right to the whole debt; he was bound to know that that consequence might follow. In this respect the case differs materially from that of *Broderick* v. *Smith*, 26 Barb. 539, cited by the defendant's counsel, for there the plaintiff was himself bound by the contract to relieve the mortgaged premises from the lien of a judgment, and though he had in fact done so, he had not notified the defendant of the fact, and his failure to so notify him was regarded by the majority of the Court as an attempt upon his part to take an unfair advantage of the defendant; for "nothing was more natural," said they, "under the circumstances, than for the defendant to suppose that the plaintiff would not require the payment of the interest until the lien on his property should be canceled." Here, however, the plaintiff had no duty to perform to the defendant, and the latter no excuse to delay the payments which he had stipulated to make, or any reason to suppose that the plaintiff would not require those payments according to the terms of the contract.

There is no doubt that Courts of equity will sometimes interfere to relieve a party from a hard situation into which he has been betrayed by the stratagem or unconscionable conduct of another who has contrived to obtain an unfair advantage for himself thereby. But the case here is not such an one. The contract was fair in its terms. There is certainly nothing contrary to equity or good conscience for parties to provide that interest as such shall be payable at stated periods of time, or to stipulate that a default in its payment at the day shall leave it optional with the creditor to insist upon the payment of the whole debt. And it surely

cannot be said to be against conscience that one should be held to the performance of his contract fairly made, and upon the faith of which another has parted with his property. Nor do we see that the case presents any element of a forfeiture sought to be enforced, or falls within the application of any principle of equity upon which relief against a forfeiture is sometimes extended.

The promise is an absolute one in the first instance to pay the interest when due, and conditional in the second instance that, failing in the first, the obligor will at once be bound, at the option of the creditor, to pay a larger sum, which larger sum is, however, nothing more than he really owes already, and must, under any circumstances, sooner or later be called on to pay.

2. There was no error in that portion of the decree which provided that it should bear interest at the rate of seven per cent per annum. (Act of 1867–8, p. 553, Sec. 2.)

The case is wholly without merit upon the part of the defendant, and would seem to have been defended to this extremity rather in pursuance of his threat to "keep plaintiff out of his money," than for any other perceivable purpose.

The judgment is affirmed, with fifteen per cent damages, the remittitur to issue forthwith.