JOHN P. McKISSICK v. F. E. CANNON and GEORGE
POWERS.

No. 6173; November 20, 1879.

**Bills and Notes—Stipulation in Mortgage as to Maturity of
Note.**—A stipulation in a mortgage, making the principal of the note
become due and recoverable at once upon default in the interest, is
not necessarily invalid for repugnancy to the express terms of the
note for payment on a day certain with annual interest.

APPEAL from Twenty-first Judicial District, Lassen
County.

Action to foreclose a mortgage given to secure the payment
of three promissory notes. Judgment was rendered dismiss-
ing the action as to the foreclosure, and retaining it only for
the purpose of reforming the mortgage. Plaintiff appealed.

John S. Chapman for appellant; E. V. Spencer and C. Mc-
Closkey for respondents.

By the COURT.—On two of the three notes mentioned in
the mortgage the interest is payable annually, and if not so
paid, it is to draw interest at the same rate as the principal.
The mortgage contains a stipulation to the effect that if the
principal or interest shall not be punctually paid when the
same becomes due, as in the promissory notes mentioned, then
the principal sum and interest shall be deemed and be taken
to be wholly due and payable, and proceedings may be taken
for the recovery thereof. This stipulation in the mortgage
was printed, while the copies of the notes were in writing. If
the stipulation is valid—that is, if it is not repugnant to the
terms of the notes—the action was not prematurely brought,
and the court erred in dismissing it, so far as it related to the
foreclosure of the mortgage, and retaining it only for the pur-
pose of the reformation of the mortgage.

Stipulations of that character are frequently found in mort-
gages, and they cannot be justly regarded as inconsistent with
the promissory notes intended to be secured. The promissory
notes thus secured may not, and it is not requisite that they
should, contain all the terms of the agreement made by the

parties. Stipulations to the effect that taxes and assessments paid by the mortgagee shall be added to the principal sum, bear the like rate of interest, and become payable at the same time, are valid, and are not repugnant to the terms of the notes, though not therein mentioned. There is no better reason for holding that the stipulation in this case is invalid on the ground suggested than there would be to hold that a stipulation is invalid as repugnant to the promissory note that provides that if the note is not paid within a specified time, which will occur after the maturity of the note, the mortgagee may institute proceedings for the sale of the mortgaged premises; See Whitcher v. Webb, 44 Cal. 127.

The order of the court dismissing the action, except in so far as it sought for a reformation of the mortgage, is, in our opinion, erroneous.

Judgment reversed and cause remanded. Remittitur forthwith.