[Civ. No. 1741. Third Appellate District.—November 19, 1917.]

JAMES L. DUNN, Respondent, v. ROBERT BARRY et al., Appellants.

PROMISSORY NOTE—ACCEPTANCE OF OVERDUE PAYMENT—SUBSEQUENT DEFAULT — OPTION TO ADVANCE MATURITY — LACK OF WAIVER.— Under the terms of a note and mortgage calling for the payment of the interest quarterly and providing that should default be made in the payment of any installment of interest when due, the whole sum of principal and interest should become immediately due and payable at the option of the holder of the note, an election after default in the payment of an installment of interest to waive immediate payment and accept the compounding of interest as provided in the note does not estop the holder from advancing the maturity of the principal as to a subsequent default, without first giving prior notice of his intention so to do, as the true rule is that where the holder acts promptly, the option may be exercised upon default in any payment.

ID.—OPTION NOT A PENALTY.—A provision in a mortgage giving the mortgagee the option to declare the entire amount due upon default in payment of any installment of interest is not a penalty, but an agreement as to the time when a debt shall become due, and enforceable according to its terms.

ID.—EXERCISE OF OPTION—SUBSEQUENT TENDER OF INTEREST—RIGHT OF FORECLOSURE NOT DEFEATED.—Tender of all interest due after the mortgagee had exercised his option to declare the entire sum due cannot defeat his right to foreclose his mortgage, as a tender of the full amount due is essential.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

W. A. Martin, for Appellants.

C. W. Pendleton, Jr., and John W. Rankin, for Respondent.

BURNETT, J.—The action was for the foreclosure of a mortgage given to secure the payment of a promissory note for ten thousand dollars. The note and mortgage called for the payment of the interest quarterly, and provided that should default be made in the payment of any installment of interest when due, then the whole sum of principal and interest shall become immediately due and payable at the option of the holder of the note. The first quarterly installment of interest became due on June 23, 1914, but was not paid when due, $120 of such interest being paid by appellants on July 1, 1914, and the balance of said installment, to wit, $105, was paid about two weeks after said July 1st. The second quarterly installment of interest fell due on September 23, 1914, and was paid by appellants on October 16th, following. The third payment was due on December 23, 1914, and it not being paid, respondent on January 12, 1915, served upon appellants, and each of them, a notice of election, declaring the whole of said ten thousand dollar note due and payable for the nonpayment of the quarterly installment of interest due December 23, 1914, and on January 18th following the complaint in foreclosure was filed. On January 22, 1915, appellant tendered to respondent in gold coin the sum of $225 in payment of the interest that was due on said December 23,

1914, and five dollars additional, being the interest on said interest of $225 from December 23d to January 22d, and then and there offered to pay all costs incurred in said action by respondent and an attorney's fee of $50, which offer and tender was by respondent refused. The case went to judgment, and the court found that there was due plaintiff, in the aggregate, the sum of $11,024.71, and decreed a foreclosure in the usual form. From the judgment and the order denying a motion for a new trial the appeal is taken.

The first point made by appellants is: "The respondent accepted all prior payments from appellants after such payments were due, and he did so voluntarily without protest; therefore, he is estopped to elect to advance the maturity of the principal, he not having served upon appellants any prior notice of his intention so to do." But appellants are mistaken as to the fact and the principle of law or equity embodied in said proposition. As to the acceptance of said payments the court found: "That said Dunn accepted each of such payments only after protest at the delay, and that said plaintiffs at all times prior to the commencement of this action urged and demanded that said defendants pay the interest due promptly when the same should become due, and never at any time consented to the same being paid tardily, but, on the contrary, on former occasions, when said defendants Barry did not pay to plaintiff interest due from them to him promptly when the same became due, that said plaintiff informed said defendants Barry that unless the same was paid promptly, he would foreclose his said mortgage." We have examined the record and ascertained that there is sufficient evidence to support said finding.

Moreover, it is not a proper case to invoke the principle of estoppel, as claimed by appellants. It does not follow that because the holder of the note after default in the payment of an installment of interest has elected to waive immediate payment and accept the compounding of interest as provided for, or has accepted the tardy payment of the same and has failed to exercise his option to declare the whole amount of· the claim due, he is bound to waive its exercise at all subsequent defaults unless he give prior notice of his intention to make his election. The true and just rule is that while he exercises his option promptly, he may do it at the maturity and upon default of any installment of the interest. (*Camp-*

*bell* v. *West,* 86 Cal. 197, [24 Pac. 1000] ; *O'Connor* v. *Meskill* (N. J. Ch.), 39 Atl. 1061.) The mistake of appellant is in the assumption that herein is involved a forfeiture, as existed in the cases cited by them. "Such a provision in a mortgage (i. e., a provision giving the mortgagee option to declare the entire amount due upon default in the payment of any installment of interest) is not construed a penalty, but an agreement as to the time when a debt shall become due, and enforceable according to its terms." (Jones on Mortgages, 7th ed., sec. 1181; *Whitcher* v. *Webb,* 44 Cal. 127; *Lincoln Nat. Bank* v. *Mundy,* 162 Ill. App. 138; *Curran* v. *Houston,* 201 Ill. 442, [66 N. E. 228].) As said in the Whitcher case, *supra:* "The contract was fair in its terms. There is certainly nothing contrary to equity or good conscience for parties to provide that interest as such shall be payable at stated periods of time, or to stipulate that a default in its payment at the day shall leave it optional with the creditor to insist upon the payment of the whole debt. . . . Nor do we see that the case presents any elements of a forfeiture sought to be enforced, or falls within the application of any principle of equity upon which relief against a forfeiture is sometimes extended.

"The promise is an absolute one, in the first instance, to pay the interest when due, and conditional, in the second instance, that failing in the first, the obligor will at once be bound at the option of the creditor to pay a larger sum, which larger sum is, however, nothing more than he really owes already, and must, under any circumstances, sooner or later be called on to pay."

Nor is there any more merit in the contention of appellants that "the respondent, as to the default in interest upon which the present foreclosure is predicated, expressly and specifically lulled appellants into a sense of security." The finding as to that being adverse to the claim of appellants was to the effect that they were not lulled into security by any act or declaration of respondent, nor were they misled or deceived by anything done or said by respondent. In support of this finding it is sufficient to quote the following testimony of respondent: "When I saw Mr. Barry on December 23, 1914, and he said he would pay the interest in a few days, I did not say that was all right. I did not say anything at all similar to that. I said nothing to him about being willing to give him any additional time in which to pay his interest. I never

intended to convey to Mr. Barry the belief that as a result of my failing to insist that he pay punctually the installment of interest which fell due December 23, 1914, I would not foreclose. On every occasion when the interest was falling due, I notified Mr. Barry ten days or so previous to it falling due asking that the interest be paid when it was due, and I often threatened Mr. Barry with foreclosure if he did not pay it promptly in the future. And I saw Mr. Barry, one of the defendants in this action, in Los Angeles on December 23, 1914. At that time I demanded payment of the interest due on the ten thousand dollar mortgage.'' Other circumstances are detailed by the witnesses that fortify the conclusion that he acted in perfect good faith and that there existed no ground for just complaint on the part of appellants. The fact that he was quite indulgent in reference to the prior payments does not, of course, militate in the least against his right to foreclose for the third default.

The third contention that appellants did not know where to send the interest, since respondent's letters came from different points in Northern California, is entirely destitute of merit. As to this the court found: ''That it is true that at the time of the filing of the amended answer of the defendants Barry herein plaintiff was a resident of the city of Alameda . . : That it is not true that the particular or specific address of said plaintiff in said city of Alameda was unknown to said defendants or to either of them, . . . but that it is, on the contrary, true that at all times subsequent to several months prior to the institution of this action said defendants Barry, and each of them, were informed by plaintiff and knew the exact and specific address of said plaintiff in the said city of Alameda and the number of the street of such address.'' Dunn so testified, and there is circumstantial evidence to the same effect. But even if appellants had not known the specific address, they could have made the payment as provided in section 1500 of the Civil Code.

Manifestly the tender of all the interest due after plaintiff had exercised his option to advance the maturity of the note could not affect the right of respondent to bring suit, which right had already vested. If appellants had tendered the full amount due on the note, including the principal, they would then have met the obligation which they had incurred. In other words, when appellants, fifteen days after receiving

notice of respondent's election, made the tender they actually owed, according to their agreement, the sum of ten thousand dollars with interest, and, of course, they could not by tendering two or three hundred dollars impair the right of respondent to maintain an action for the full amount due. The proposition is too plain for argument.

There are many specifications of the insufficiency of the evidence to support certain findings. Some of these specifications are contrary to the express stipulation of the parties, some of them are addressed to matters entirely immaterial, and as to the others, respondent points out portions of the record which entirely justify the court's conclusions. We can see no earthly good in noticing them specifically. Indeed, respondent has clearly and conclusively answered every contention of appellants, and the latter must have concluded that no plausible reply could be made as they filed no closing brief, nor have they made any oral argument. The fact is that one can hardly resist the conclusion that this appeal was taken for the purpose of delay. There is certainly less merit in the various contentions than usually characterizes the position of an appellant. We consider it a proper case to impose a penalty.

The judgment and order are, therefore, affirmed, with one hundred dollars damages for a frivolous appeal.

Chipman, P. J., and Hart, J., concurred.