[Civ. No. 2071. Third Appellate District.—February 26, 1920.]

## JAMES W. JUMP, Respondent, v. FLORENCE A. BARR (a Widow), Appellant.

[1] MORTGAGES — DEFAULT IN PAYMENT OF INTEREST — ACCELERATION OF DUE DATE OF PRINCIPAL.—A provision in a note or in a mortgage to secure its payment, or in both, that, upon default in the payment of the interest accumulating upon the note at the time specified, the owner of the note and the mortgage may treat the whole of the principal and interest due before the date of the maturity of the note is nothing more than an agreement as to the time when the debt shall become due and enforceable according to its terms.

[2] ID.—EXERCISE OF OPTION TO DECLARE PRINCIPAL AND INTEREST DUE AND PAYABLE—NECESSITY OF GIVING NOTICE.—The holder of a note and mortgage which provide that upon default in the payment of the interest accumulating upon the note at the time specified, the owner of the note and the mortgage may treat the whole of the principal and interest immediately due and payable need not give any notice to the defaulting maker of his election to declare the principal due for nonpayment of interest before commencing his action to foreclose the mortgage. The commencement of the action is notice of the exercise of the option.

[3] JUDGMENTS—RECITAL OF FINDINGS IN—NOT REVERSIBLE ERROR.— While the practice of specifically including in the judgment itself the findings of fact and conclusions of law may be irregular, it is not such an irregularity as will require a reversal of the judgment.

[4] CORPORATIONS — EXECUTION OF MORTGAGE BY PROPER OFFICERS —
PRESUMPTION FROM USE OF SEAL—BURDEN OF PROOF.—Where a
mortgage purporting to have been given by a corporation to secure
a debt or money borrowed by it is signed by the proper officers
of such corporation under its corporate seal, the presumption is
that the officers whose names are subscribed to the instrument and
by whom for the corporation the mortgage purports to have been
executed have been duly authorized to perform that act, or did
not, in making the mortgage, transcend their authority as such
officers, and the burden in such case is upon the adversary party
to overcome that presumption by showing want of authority in
such officers to execute the mortgage as that of the corporation.

APPEAL from a judgment of the Superior Court of
Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. E. Davis for Appellant.

Leo V. Youngworth and Harry J. McClean for Respondent.

HART, J.—From a decree of foreclosure of a mortgage
on real property in the county of Los Angeles, defendant,
Florence A. Barr, prosecutes this appeal.

On the first day of April, 1914, Walter G. McCarty
Company, a corporation, executed to plaintiff a promissory
note in the sum of four thousand dollars, payable three
years after date, with interest at eight per cent per annum,
payable quarterly. Said note contained the following pro-
vision: "Should default be made in the payment of any
installment of interest when due, then the whole sum of
principal and interest shall become immediately due and
payable at the option of the holder of this note." The
mortgage in question was given as security for the payment
of said note. The only interest payment made on the note
was that which fell due on the first day of July, 1914,
which payment was made ten days thereafter.

4. Presumption as to authorization by corporation for contract
executed by president, note, Ann. Cas. 1917A, 360.

Presumption that a contract within the powers of a corporation
is within the authority of its president, note, 7 L. R. A. (N. S.)
376.

The complaint in the action was filed on the tenth day of February, 1917, approximately six weeks before the maturity of the note. It stated specifically and separately the several amounts falling due from time to time as interest on the note, the last item of interest so stated being: "Interest due January 25th, 1917." Then follows this averment: "That by reason of the nonpayment of said interest which became due as hereinbefore set forth and which is now due, owing and unpaid, plaintiff herein elects to declare and does hereby declare the whole sum of principal and interest immediately due and payable."

The charter of Walter G. McCarty Company became forfeited on the fourth day of March, 1916, by reason of its failure to pay the state license tax required by law. Walter G. McCarty, Margaret E. McCarty, and W. H. McCarty, sued as trustees of said corporation, and Florence A. Barr filed a demurrer to the complaint, which was overruled, and the defendants, the McCartys, made no further appearance. The defendant Barr answered the complaint, alleging that she was the owner in fee of the property mortgaged by the corporation; that the principal sum of the alleged note is not yet due; that plaintiff had no legal right to declare the whole sum of principal and interest immediately due and payable, and has not done so; that the mortgagee has repeatedly waived the provision of said note giving him such option; "that every installment of interest that was ever paid on said note and mortgage was paid long after same fell due and was received and accepted by the payee long after the same had become due"; that it had become the custom of defendants to pay and the plaintiff to receive said interest long after the same was due, and plaintiff has never notified defendants of his intention to depart from such custom, and that by such conduct plaintiff has waived his right to declare a forfeiture by reason of the nonpayment of interest.

At the trial, proof was received of the execution of the note and mortgage in question, the payment of one installment of interest, the payment of taxes, etc., by plaintiff. A motion for nonsuit was made and denied and defendant introduced no evidence.

It is contended by appellant "that the failure on the part of the mortgagee to declare a forfeiture on the numerous occasions when. that right was open to him, constituted a waiver of that right on his part which could only be reinstated by notice to the mortgagor that in the future prompt payment would be expected." This argument is based upon the fact that the mortgagor never paid any but the installment of interest first falling due, he having failed and refused to pay the ten successive installments falling due prior to the institution of this action.

The action here is not, as appellant seems to suppose, one to declare a forfeiture by reason of the default of the defendant in paying interest on the note ·at the time stipulated therein. The action to foreclose the mortgage proceeds entirely upon a breach .of the agreement that the defendant would pay the accruing interest on the note at certain designated times and that upon its failure to comply with that provision of the agreement the payee of the note would be at liberty at his option to treat the whole sum of principal and interest as being due and payable, and, if exercising his right to treat the whole sum as due, ˙to proceed to collect or enforce the collection of the principal and the accrued interest. There is no forfeiture to be made or suffered or penalty imposed. The maker of the note loses nothing but the right it acquired under the contract to retain the payee's money until the expiration of the time during which the note was to run, and this right it has lost because of failure on its part to comply with the agreement as to the payment of interest. The situation is altogether different from where a party has paid his own money in part payment for something under an agreement for a sale, providing that he is, upon a certain or the first payment, to take possession of the thing he proposes to purchase, and that if he fails to make other stipulated payments at other specified times he is to return the thing to the vendor and the latter is to retain the money already paid. The case suggested involves a forfeiture. This is, as stated, simply a case of breaching an agreement whereby one party lends to another certain of his property upon the condition that with respect to the loan the borrower will do a certain thing, which he fails to- do, and thus loses his right further to retain or keep in his possession the thing

loaned. **[1]** In other words, a provision in a note or in a mortgage to secure its payment, or in both, that, upon default in the payment of the interest accumulating upon the note at the time specified, the owner of the note and the mortgage may treat the whole of the principal and interest due before the date of the maturity of the note is nothing more than an agreement as to the time when the debt shall become due and enforceable according to its terms. (*Dunn* v. *Barry,* 35 Cal. App. 325, [169 Pac. 910]; Jones on Mortgages, 7th ed., sec. 1181; *Whitcher* v. *Webb,* 44 Cal. 127; *Bank etc.* v. *Mundy,* 162 Ill. App. 138; *Curran* v. *Houston,* 201 Ill. 442, [66 N. E. 228].) In *Dunn* v. *Barry, supra,* the facts are, *mutatis mutandis,* precisely the same as those of the case at bar, and therein Justice Burnett, of this court, clearly shows that there is no forfeiture involved or inhering in a contract of the character of the one we are now dealing with. That case is, indeed, decisive of the point under consideration against the position of the appellant.

The cases named by the appellant do not support her contention. Two of these cases only involved actions to foreclose mortgages, to wit: *Crossmore* v. *Page,* 73 Cal. 213, [2 Am. St. Rep. 789, 14 Pac. 787], and *Trinity County Bank* v. *Haas,* 151 Cal. 556, [91 Pac. 385]. In the first-named case it appeared that the defendant defaulted in the payment of interest on a promissory note which provided that "if default be made in the payment of interest, as above provided, then this note shall immediately become due at the option of the owner," but that the holder of the note did not bring suit to foreclose the mortgage given to secure the note until some months after the default. It was held that, while the holder of the note was entitled to a reasonable time after default in the payment of the interest within which to exercise his option, a delay of seven months was unreasonable, and that, in attempting to exercise his right of option, the plaintiff was required to remain within the terms of his contract, which he did not do, hence, so it was held, it was necessary for him to wait until the next installment of interest was due. Here the action was brought sixteen days after the last installment of interest became due.

In the other case (*Trinity County Bank* v. *Haas*), the defendant had failed to pay the interest due and payable on July 11, 1904, and a subsequent installment fell due on October 11, 1904; on the latter date one of the defendants, who had purchased the greater part of the mortgaged property and assumed the mortgage debt, tendered to the plaintiffs the interest then due, comprising the two installments payable, respectively, on July 11, 1904, and October 11, 1904. The tender was refused on the ground that the plaintiffs had exercised their option "of considering both principal and interest due on that note and that their money was not sufficient." The defendant Elliott, who made the tender, thereupon and immediately deposited the aggregate amount of the interest due on the two installments "in a bank of deposit of good repute and gave notice thereof to plaintiffs." (Civ. Code, sec. 1500.) The only evidence of the exercise of the option by plaintiffs was that, two weeks before the commencement of the action to foreclose the mortgage, they gave defendants notice that they had elected to exercise their option and declare the whole note due and payable and had directed their attorneys to proceed to foreclose the mortgage. The defendants were given no notice of such election until the day on which they tendered payment of the interest due on the two installments above mentioned. The supreme court held that the right to exercise the option and declare the whole amount of the note due was lost by reason of the fact that the defaulting debtor offered to pay the overdue interest prior to the time at which the attempt was made to exercise the option by the commencement of the suit to foreclose.

[2] Referring in this connection to the contention of the appellant here that, before the mortgagee could exercise his right of option, it was requisite for him to have given the mortgagor notice of his default and of the former's election to declare the whole debt due, we may quote the following from the case last above considered as a sufficient reply thereto: "It is settled by several decisions of this court that the holder of an instrument of this kind need not, before commencing his action, give any notice to the defaulting maker of his election to declare the principal due for non-payment of interest. (*Hewitt* v. *Dean,* 91 Cal. 5, [27 Pac. 423]; *Sichler* v. *Look,* 93 Cal. 600, [29 Pac. 220]; *Clemens*

v. *Luce,* 101 Cal. 432, [35 Pac. 1032] ; *Bank of Commerce* v. *Scofield,* 126 Cal. 156, [58 Pac. 451].) As was said in *Hewitt* v. *Dean,* 91 Cal. 5, [27 Pac. 423] : 'The commencement of the action was notice of the exercise of the option, . . . and no previous notice or demand was necessary.' ''

It is obvious that the above cases do not uphold the position of counsel on the point now in question.

The other cases cited by the defendant to the same point are: *Boone* v. *Templeman,* 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947] ; *Myers* v. *Williams,* 173 Cal. 301, [159 Pac. 982] ; *Pearson* v. *Brown,* 27 Cal. App. 125, [148 Pac. 956] ; and *Stevinson* v. *Joy,* 164 Cal. 279, [128 Pac. 751]. A brief statement of the character of these cases will show that they are not applicable to the case here. The first case was for the specific performance of a contract for the sale of land, the contract containing a provision that the balance due after the first payment made on the execution of the contract should be paid in certain specified monthly installments, with the stipulated interest, and if any installment was not paid within sixty days after it fell due, the whole of the unpaid balance should, at the option of the vendor, forthwith become due, in which case the vendor was authorized to sell the land to satisfy the unpaid portion and to retain as forfeited all previous payments.

*Myers* v. *Williams* is in its facts similar to the case of *Boone* v. *Templeman,* the action there, however, being for the purpose of having declared as forfeited the rights of a vendee under a contract for the sale of real property and to recover the possession of the said realty.

*Pearson* v. *Brown* was an action by the vendee to recover from the vendor a certain sum of money paid by the former under a contract for the sale of real property, which provided that, in the event that the vendee defaulted in the payment of any of the installments as provided therein, his rights in the property or under the contract and the moneys by him already paid should be forfeited, the latter as liquidated damages.

*Stevinson* v. *Joy* involved an action by the vendor in a contract for the sale of real property on the installment plan to quiet title to said property, the contract containing a provision as to default in payments of the purchase price

and forfeiture substantially the same as those contained in the contracts considered in the cases last above referred to.

It is, of course, manifest that those cases dealt with contracts involving and authorizing forfeitures for breach of covenants as to time payments, and are, therefore, as declared, entirely different from this case by reason of the provisions of the contracts authorizing action on the part of the vendors amounting in the very nature of the situation to a forfeiture.

It is next urged that the court was without jurisdiction to sign and cause to be filed findings of fact at the time at which that act was performed. The facts are: Findings of fact and conclusions of law were not waived. Proposed findings, unsigned by the judge and undated, were filed with the clerk on the eighth day of June, 1917. On the eleventh day of June, 1917, the court signed and filed its decree. Thereafter, and on the sixth day of September, 1917, without notice to appellant or her counsel, and after a notice of appeal had been served and filed, the judge who tried the case signed the proposed findings, *nunc pro tunc,* as of the eleventh day of June, 1917.

It has been held that, under certain circumstances, and upon the principle that justice requires it, the signing of findings, *nunc pro tunc,* is allowable. (*Fox* v. *Hale & Norcross S. M. Co.,* 108 Cal. 478, [41 Pac. 328], and cases therein cited.) It has also been held that, while the *nisi prius* court may correct a mere clerical misprision in the record or correct its records so as to make them speak the truth, after an appeal has been taken (*Fay* v. *Stubenrauch,* 141 Cal. 573, [75 Pac. 174]), it cannot after such appeal amend its findings. (*Baggs* v. *Smith,* 53 Cal. 88.) But whether, where findings having been proposed which derive ample support from the evidence and which in turn amply support the judgment, such findings may be signed *nunc pro tunc* as of the date of the previous signing of the decree or judgment after an appeal therefrom has been taken, is a proposition as to which we have been furnished with no authorities directly in point. And we find no reason for considering or deciding the point herein, since the recitals of the decree in this case themselves involve a full statement of the ultimate facts or all the facts essential to support the

decree, and the facts so stated may be treated as findings. In other words, the decree itself is sufficient as findings of fact, conclusions of law and a judgment. [3] The practice of specifically including in the judgment itself the findings of fact and conclusions of law may be irregular, but it is not such an irregularity as should or will require a reversal. Certainly, such irregularity, which is only an irregularity in procedure, cannot well be held to have caused a miscarriage of justice in this case. (Const., art. VI, sec. 4½.)

[4] A letter, signed by the president and secretary of the corporation, Walter G. McCarty Company, stating that at a meeting of the board of directors thereof, previously held, authority was vested in the corporation to negotiate and make the loan and give the mortgage involved herein, and which letter was delivered to the plaintiff at the time the mortgage was executed, was admitted in evidence against the objection of the appellant for the purpose of showing authority in said corporation to borrow the money and to execute the mortgage as security for its repayment. The ruling is here assigned as prejudicial error. No prejudice could have been suffered by the defendants from the allowance of that evidence, even if it were deemed necessary to concede that it was incompetent for the purpose for which it was offered and received. Both the note and the mortgage bore the name and the seal of said corporation, and the genuineness of the signatures of the president and the secretary of the corporation was stipulated by counsel for defendants and appellant. Moreover, the fact that the defendant corporation obtained the loan secured by the mortgage to foreclose which this action was brought and used the money for its purposes is not questioned here.

It is an elementary principle of the law that, where a mortgage purporting to have been given by a corporation to secure a debt or money borrowed by it is signed by the proper officers of such corporation under its corporate seal, the presumption is that the officers whose names are subscribed to the instrument and by whom for the corporation the mortgage purports to have been executed have been duly authorized to perform that act, or did not, in making the mortgage, transcend their authority as such officers, and the burden in such case is upon the adversary party to overcome that presumption by showing want of authority in such

officers to execute the mortgage as that of the corporation. (*Schallard* v. *Eel River Nav. Co.,* 70 Cal. 144, [11 Pac. 590] ; *Mills* v. *Boyle Mining Co.,* 132 Cal. 95, [64 Pac. 122] ; *Potts Drug Co.* v. *Benedict,* 156 Cal. 322, [25 L. R. A. (N. S.) 609, 104 Pac. 432].) No evidence was offered by the appellant to show that the mortgage and the note involved in this action were not executed by authority of the corporation, and, therefore, the presumptive evidence referred to stands as proof of the fact that the execution of said instruments was duly authorized by the corporation.

We have now considered all the points advanced in support of this appeal. There is to our minds no force to any of them.

The judgment appealed from is affirmed.

Ellison, P. J., *pro tem.,* and Burnett, J., concurred.