[Civ. No. 6523. First Appellate District, Division One.—January 19, 1929.]

LELAND T. YOUNG et al., Appellants, v. W. H. BUR-CHILL et al., Respondents.

J. W. Bingaman and Ralph W. Arnot for Appellants.

F. H. Arb for Respondents.

TYLER, P. J.—Appeal from a decree refusing to enjoin the sale of certain real property under a deed of trust. There is no dispute as to the facts. Plaintiffs and appellants were the owners of the real property here involved. On November 28, 1925, they executed to defendants Burchill and wife two promissory notes, one for the sum of $4,000 and the other for $500. Both notes carried interest at the rate of seven per cent per annum. The $4,000 note was, by its terms, payable in monthly installments of $45 commencing on December 28, 1925, and the $500 note was payable in the sum of $50 per month commencing on the tenth day of December, 1925. Each of said notes was in the usual installment form providing that payment first be applied to accrued interest and the balance to principal. Concurrently with the execution of said notes and to secure their payment, the plaintiffs executed a deed of trust of their real property to defendants Parsons and Haley, as trustees. Thereafter they commenced payments on the notes, the first being made on December 28, 1926, and the last on June 14th following. Each of the installments paid by plaintiffs was made subsequent to the due date and at periods varying from six to sixteen days after they were due. Defendants accepted each of the delayed payments without any objection and they never notified the plaintiffs that the payments would thereafter have to be made on the due dates. On July 1, 1926, sixteen days after plaintiffs had made their last payment to defendants, the latter filed with the county recorder their notice of breach and election to sell under the provisions of section 2924 of the

Civil Code as provided for under the deed of trust. This act was done without any notice to the plaintiffs and without any prior demand or notice to them that the defendants would require the installments to be paid on the due date. On the same day, however, defendants' attorney notified plaintiffs that defendants had declared a default and had elected to declare the full amount of the indebtedness due. The Bank of Hayward had been collecting from plaintiffs the payments they made upon the notes, the trustees being officers of that institution. On the day following the receipt of the notice referred to, plaintiffs visited the bank and offered to make certain payments, but they were informed that the notes had been withdrawn and further payments were refused. Thereafter and shortly after the expiration of the notice of default and election, and when defendants were threatening to sell plaintiffs' property under the deed of trust, plaintiffs instituted this proceeding praying for an injunction to enjoin said sale. The trial court found that plaintiffs were not entitled to the relief sought or to any relief whatsoever. A temporary injunction, however, was granted, and the same has been in force pending the hearing of this appeal.

■ The main contention of appellants is that the action of defendants in accepting without objection the delayed payments constituted a waiver and an estoppel of their right to exercise the accelerated maturity clause of the notes, and that their refusal to accept any installments after so declaring said notes accelerated, excused plaintiffs from making any further payments. They also contend that the sale under a deed of trust amounts to a forfeiture, and the mere fact that it is brought about by accelerating a maturity clause of a note does not change it in fact from being a forfeiture, and that the rule announced in such cases as *Boone* v. *Templeman,* 158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947], and *Myers* v. *Williams,* 173 Cal. 301 [159 Pac. 982], apply. While the principle declared in the cases relied upon may properly be applied to vendor and purchaser contracts involving and authorizing forfeitures for breach of covenants as to time payments, it has no application to a case of the character here involved. (*Jump* v. *Barr,* 46 Cal. App. 338 [189 Pac. 334].) ■ A provision for such accelerated maturity is not in the nature of a

penalty or forfeiture, but simply an agreement as to the time when a debt shall become due and enforceable according to its terms, and is valid (*Dunn* v. *Barry,* 35 Cal. App. 325 [169 Pac. 910]). Nothing contained in the contract is contrary to equity or good conscience. Parties may lawfully contract that interest as such shall be payable at stated periods of time, or stipulate that a default in payments shall leave it optional with the creditor to insist upon payment of the whole debt. Such an agreement contains no element of a forfeiture for there is nothing to forfeit, or any penalty to be imposed. Nor does it fall within the application of any principle of equity for which relief against a forfeiture is sometimes extended (*Whitcher* v. *Webb,* 44 Cal. 127; *Clemens* v. *Luce,* 101 Cal. 432 [35 Pac. 1032]). Here the defendant is claiming nothing by way of forfeiture that has been paid; he is simply exercising his right under a contract to decline to further extend his loan for the reason that plaintiffs have failed to promptly comply with their agreement relating to the payment of interest. This he certainly has the right to do. The situation is entirely different from an agreement of sale wherein upon failure of payment of an installment the vendor is attempting to retain payments made and also the property itself, the subject of the sale. ██ While it is the province of a court of equity to see to it that a party invoking its aid shall have dealt fairly before relief is given, there is nothing objectionable in a contract which provides in case of failure to make punctual payments of installments of principal and interest, the payment of the entire amount due shall be accelerated. Refusal without notice to continue to accept delayed payments does not constitute fraud nor does it create an estoppel or waiver.

The rule is well established that the acceptance of a payment of interest after default does not have this effect. (1 Wiltsie on Mortgage Foreclosure, 4th ed., sec. 65.) ██ A court of equity has no power to relieve one from a breach of this valid agreement unless fraud or improper conduct is proved. (2 Jones on Mortgages, 2d ed., sec. 185.) As above stated, the election of such a right does not constitute fraud, deceit, or oppression. The case of *McCue* v. *Bradbury,* 149 Cal. 108 [84 Pac. 993], cited by appellants as upholding a contrary doctrine, is not in point.

 

In that case deceit and fraud were involved. ▮ Nor is there any merit in the further claim that the belated tender relieved plaintiffs from their default. After defendants had exercised their election to consider the whole amount due in conformity with the terms of the trust agreement, it was too late for plaintiffs to perform without the consent of defendants. The right of election accrued to defendants upon the default of plaintiffs and there is no element in the case which would justify a court, upon the theory of waiver or estoppel, to deny defendants the right to rely and enforce the express terms of the agreement with reference to payments. (Wiltsie on Mortgage Foreclosure, 4th ed., sec. 59 et seq.)

The judgment is affirmed and the restraining order dissolved.

Knight, J., and Cashin, J., concurred.