[Civ. No. 7364. First Appellate District, Division Two.—November 3, 1930.]

A. A. RIGHETTI, Respondent, v. MONROE, LYON & MILLER, INC. (a Corporation), Appellant.

Arnold C. Lackenbach for Appellant.

Roy L. Daily for Respondent.

SPENCE, J.—The plaintiff brought this action upon a promissory note executed in his favor by the defendant corporation. Plaintiff obtained judgment upon a trial by the court sitting without a jury and defendant appeals.

The note in the sum of $10,000 was executed in 1926. Interest on the note was payable monthly, together with installments of not less than $200 on the principal. The note contained the following provision: "And it is further agreed that in case of default in the payment of said interest for a period of ten days after the same shall become due, and demand having been made therefor, then such interest so in default shall be added to and become a part of the principal and thereafter bear the same rate of interest; and at any time during default in the payment of said interest, or in the payment of any installment of principal in the manner aforesaid, for a period of ten days and after demand having been made therefor, the entire unpaid balance of said principal and the interest thereon, shall forthwith become due and payable at the election of the holder of this note, without notice." Defendant failed to pay the interest and installment due upon December 15, 1928, and plaintiff elected on December 31, 1928, to exercise his rights under the foregoing acceleration clause. On that day he caused the note to be presented and demand was made for payment of the entire balance of the principal amounting to $5,000.

Defendant failed and refused to pay said unpaid balance, but thereafter endeavored to tender the interest and installment of principal which became due on December 15th, which tender was refused. Plaintiff thereupon filed his complaint.

In the trial court defendant relied upon an alleged waiver by plaintiff of strict performance of defendant's obligations under the note by showing that defendant had not previously paid the interest and installments promptly as they became due and that plaintiff had accepted such delinquent payments. It was stipulated that most of the previous payments were made after they became due and the trial court found upon that stipulation "that most of the payments up to and including November 15, 1928, were accepted by plaintiff after their maturity". The trial court, however, found in substance that plaintiff had not waived strict performance of the note; that defendant was in default; that plaintiff elected to declare the entire unpaid balance due; and that said balance of $5,000, together with interest, was due, owing and unpaid. Judgment therefor was entered in favor of plaintiff.

■ Upon this appeal it is contended that the findings are erroneous and unsupported by the evidence and that the judgment is against law. These contentions are based upon the claim that the undisputed evidence and stipulation of the parties showed the acceptance by the plaintiff of previous payments after they became due and that as a matter of law plaintiff thereby waived strict performance of the obligations of the defendant and waived his right to exercise the accelerated maturity clause of the note without first notifying the defendant that he would require strict performance. Appellant relies upon a line of cases where the doctrine of waiver or estoppel has been applied to prevent a forfeiture under a contract of sale. These cases are not in point. (*Young* v. *Burchill*, 96 Cal. App. 341 [274 Pac. 379, 380]; *Jump* v. *Barr*, 46 Cal. App. 338 [189 Pac. 334]; *Dunn* v. *Barry*, 35 Cal. App. 325 [169 Pac. 910].) In distinguishing the cases relied upon by appellant, the court in *Young* v. *Burchill, supra,* said: "While the principle declared in the cases relied upon may properly be applied to vendor and purchaser contracts involving and authorizing forfeitures for breach of covenants as to time

payments, it has no application to a case of the character here involved. (*Jump* v. *Barr*, 46 Cal. App. 338 [189 Pac. 334].) A provision for such accelerated maturity is not in the nature of a penalty or forfeiture, but simply an agreement as to the time when a debt shall become due and enforceable according to its terms, and is valid. (*Dunn* v. *Barry*, 35 Cal. App. 325 [169 Pac. 910].)''

It is further contended that the evidence is insufficient to show a demand. The acceleration clause above set forth provides ''and at any time during default in the payment of said interest, or in the payment of any instalment of principal in the manner aforesaid; for a period of ten days *and after demand having been made therefor. . . .* '' Appellant concedes that presentment is not ordinarily necessary to charge the person primarily liable, yet he urges that presentment was necessary in the present case as a demand was required by the terms of the note before plaintiff could exercise his right under the acceleration clause. We do not, however, construe the word ''demand'' as so used to require a formal presentment of the note. The evidence showed that the note had been placed in the possession of a bank for collection of the monthly installments and that thereafter all payments had been made through the bank; that each month a notice was sent to defendant notifying it that the installment was due; that a written notice was sent to defendant regarding the payment due on December 15th; that thereafter Mr. Desmond, the manager of the collection department of the bank, had several telephone conversations with Mr. Stewart of the defendant corporation regarding the overdue payment; that in one of these conversations after the ten days had elapsed Mr. Desmond demanded payment and called attention to the fact that the ''ten days clause was applicable right then and there''; that Mr. Stewart said on that occasion that he would investigate and mail a check as soon as possible. There was further testimony concerning the demand, but the foregoing is ample to sustain the finding that demand had been made.

We find no error in the record and the judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.