## INGRAM v. MANDLER.

### No. 534.

Circuit Court of Appeals, Tenth Circuit.
March 1, 1932.

Rehearing Denied April 11, 1932.

Chas. A. Chandler and Eliot D. Turnage, both of Muskogee, Okl., for appellant.

C. E. McLees and D. H. Linebaugh, both of Muskogee, Okl., for appellee.

Before PHILLIPS and McDERMOTT, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

Mandler, hereinafter called plaintiff, brought this suit against Ingram, hereinafter called defendant, to establish and foreclose a pledge.

On December 1, 1926, plaintiff was the holder of a promissory note for $15,000 made by Robert Marshall and Miley Marshall, his wife, and secured by a first mortgage on 492 acres of land in Wagoner county, Oklahoma. Defendant was the owner of a second mortgage on such land given to secure an indebtedness of $5,000. On such date plaintiff entered into a contract with defendant which recited that plaintiff had that day sold such note and mortgage to defendant, and that defendant, as a consideration therefor, had executed and delivered to plaintiff four promissory notes, one for $1,200 due April 1, 1927, one for $3,000 due December 1, 1927, one for $5,000 due December 1, 1928, and one for $7,000 due December 1, 1929. Each of such notes bore interest from April 1, 1927, at 8 per cent. per annum. Defendant paid the $1,200 and $3,000 notes. The last sentence of the $5,000 and $7,000 notes read as follows:

"Privilege granted to pay note in full on 1st day of June or December of any year before maturity, the interest on this note being payable on said dates."

Such notes also provided for 10 per cent. of the amount due as attorney's fees, if they should be placed in the hands of an attorney for collection, or if suit should be commenced thereon.

Such contract further provided: That plaintiff should hold the Marshall note and mortgage as collateral security for the payment of the notes executed by defendant; that on payment of such notes plaintiff should indorse, without recourse, the Marshall note and execute an assignment of the Marshall mortgage and deliver them to defendant; that, in the event of failure of defendant to pay the notes executed by him, plaintiff should have the right to prosecute an action for judgment on the Marshall note and to foreclose the Marshall mortgage; and that, in the event of failure of defendant to pay such notes or the interest thereon, "all of such notes at that time remaining unpaid" should "become immediately due and payable without notice" to defendant.

Plaintiff did not demand payment of the accrued interest on June 1, 1927. On November 25, 1927, defendant paid the principal and interest on the $3,000 note and the interest due on the $5,000 and $7,000 notes.

About March 1, 1928, defendant contracted to sell to one Blanchard 120 acres of the tract of land covered by the Marshall mortgage, and defendant requested plaintiff to release it from such mortgage upon payment of $4,000 in cash and the execution and delivery by Blanchard to plaintiff of a promissory note for $1,000 secured by a second mortgage on such 120 acre tract. Plaintiff offered to execute such release on such terms provided defendant would pay interest on the $5,000 note to December 1, 1928. Defendant offered to pay interest to June 1, 1928. The parties were unable to reach an agreement for such partial release. Mr. Chandler, as attorney for defendant, then arranged to borrow $7,000 and offered to pay the entire indebtedness with interest to June 1, 1928. This offer contemplated that plaintiff should accept the $1,000 note and second mortgage as a part of such payment. Chandler did not offer to pay in cash the entire indebtedness with interest to June 1, 1928. Plaintiff again insisted that the interest should be paid to December 1, 1928, and again the parties were unable to agree.

Defendant did not pay the interest which matured on June 1, 1928. On June 6, 1928, plaintiff commenced this suit, in which he elected to treat the entire indebtedness as due under the acceleration clause in the contract.

In his answer defendant alleged that plaintiff had never assigned, transferred, or delivered the Marshall note and mortgage to him, and that he had never had possession thereof; denied that the contract constituted a valid pledge of such note and mortgage to plaintiff as collateral security; denied that it provided for acceleration of the maturity dates of such notes for nonpayment of interest on June 1; and alleged plaintiff had expressly stated to defendant that the interest on such notes became due on December 1, 1928, and that he would not permit such notes to be paid before that date; that plaintiff had not demanded and defendant had not paid the accrued interest on June 1, 1927, and that on account of such facts plaintiff was estopped to assert that interest was due on such notes on June 1, 1928.

Defendant foreclosed the second mortgage on such land and purchased it at the foreclosure sale.

The cause came on for trial on November 28, 1928. Plaintiff introduced the $5,000 and $7,000 notes, the contract between plaintiff and defendant, and the Marshall note and mortgage; and tendered the Marshall note and mortgage and an assignment thereof to defendant upon payment of the balance due. Defendant through his counsel announced he was ready to pay the $5,000 note. Thereupon the court continued the trial to January 9, 1929. On November 30, 1928, defendant paid the $5,000 note, and interest on both notes to December 1, 1928.

Plaintiff filed an amended and supplemental petition in which he set up the facts alleged in his original petition, and alleged that defendant had become the owner in fee simple of the lands secured by the Marshall mortgage; that defendant had paid the interest on such notes to June 1, 1929, and the principal of the $5,000 note, and that there was due on such notes $7,000 principal with interest from June 1, 1929, and $1,248 attorney's fees. He prayed judgment therefor and for the establishment and foreclosure of his lien on the Marshall note and mortgage.

In his answer to this petition defendant set up the facts pleaded in his former answer, and alleged a tender in December, 1929, of the amount then due on the $7,000 note for principal and interest and that plaintiff had refused to accept such tender and demanded that defendant pay an additional amount as attorney's fees.

On December 6, 1929, defendant notified one Linebaugh, attorney for plaintiff, that he desired to tender to him, as such attorney, the amount due as principal and interest on such $7,000 note, on condition that the suit would be dismissed and the Marshall note and mortgage assigned to defendant. Linebaugh waived formal tender and stated he would accept any amount tendered and give credit therefor. He called attention to the fact that the notes provided for attorney's fees, and stated he was willing to leave the amount of attorney's fees for the determination of the court.

The case again came on for trial on January 10, 1930. The evidence of the several hearings established the facts hereinbefore stated. The trial court entered a decree adjudging that there was due to plaintiff on such notes $7,000 principal together with interest thereon from June 1, 1929, until

paid at the rate of 8 per cent. per annum, and $1,200 attorney's fees; establishing plaintiff's lien therefor upon the Marshall note and mortgage; and decreeing that if such judgment was not paid within 30 days plaintiff might foreclose the Marshall note and mortgage.

Defendant has appealed.

Counsel for defendant contend that the contract between plaintiff and defendant did not transfer title to the Marshall note and mortgage to defendant, that defendant did not deliver the Marshall note and mortgage to plaintiff, and that there was no effectual pledge thereof as collateral security to plaintiff.

They assert that therefore the relief sought by plaintiff in his amended and supplemental bill was a money judgment on the $7,000 note, and that the court was without jurisdiction to hear and determine the controversy as a court of equity without a jury.

Section 7719, C. O. S. 1921, provides:

"Where the holder of an instrument payable to his order transfers it for value without out indorsing it, the transfer vests in the transferee such title as the transferror had therein, and the transferee acquires, in addition, the right to have the indorsement of the transferror. * * * *"

█ A promissory note, like an ordinary chose in action, may be transferred by assignment without the actual delivery of the note. Baldwin v. Reynolds (C. C. A. 6) 189 F. 852; Stafford v. Bond, 106 Okl. 173, 233 P. 185, 186; Johnson v. Beickey, 64 Utah, 43, 228 P. 189, 191. In order for a writing to constitute an assignment of a chose in action, no particular form of words is necessary, provided they manifest an intent to transfer the title thereto. Clark v. Sigua Iron Co. (C. C. A. 3) 81 F. 310, 312; 5 C. J. p. 906, § 73. We conclude that the contract effectually transferred the title to defendant.

█ Where the subject-matter of the pledge is already in the possession of the pledgee, a delivery thereof to the pledgor and a redelivery to the pledgee would be a useless act and an idle ceremony. The law does not require the doing of such an act. Accordingly, it is a general rule, where the pledgee is already in possession of the property pledged although for another purpose, that the contract of pledge constitutes, by operation of law, a delivery of such property the moment the contract is completed, and the pledge becomes effectual without any fur-

ther delivery or change of possession. Skiff v. Stoddard, 63 Conn. 198, 26 A. 874, 880, 28 A. 104, 21 L. R. A. 102; Markham v. Jaudon, 41 N. Y. 235, 241; Ormsby v. De Borra, 5 Cal. Unrep. 947, 52 P. 499, 501; 49 C. J. p. 915, § 40.

Section 8205, Chap. 74, supra, reads as follows:

"A pledgee. cannot sell any evidence of debt pledged to him, except the obligations of governments, states or corporations; but he may collect the same when due."

 Counsel for defendant contend that under the provisions of such section plaintiff could not foreclose his pledge of the Marshall note and mortgage, and that his sole remedy was to collect such note and mortgage when due, or foreclose the same. Plaintiff did not seek and the court did not award a decree directing the sale of the Marshall note and mortgage in satisfaction of the pledge. The decree merely established plaintiff's pledge and provided that if it was not satisfied within thirty days from the date of such decree plaintiff might institute proceedings in a court of competent jurisdiction for the foreclosure of the Marshall note and mortgage. Since defendant denied the existence of the pledge, it was necessary for plaintiff to establish such pledge by a decree in equity, and section 8205, supra, in no wise prohibits the relief which the court awarded plaintiff.

Counsel for defendant also contend that plaintiff failed to perform his part of the contract. No performance was due on the part of plaintiff until the notes were paid in full.

They contend that defendant was not obligated to pay interest on June 1, 1928.

They assert that the true construction of the above quoted provision of the notes is that interest might be paid on June 1 and December 1 at the option of defendant, and not that it should be paid on such dates. The word payable, when used in connection with commercial transactions, means that which is to be paid rather than that which may be paid. Swanson v. Spencer, 177 Mo. App. 124, 163 S. W. 285, 286; Johnson v. Dooley, 65 Ark. 71, 44 S. W. 1032, 1034, 40 L. R. A. 74; Poppleton v. Jones, 42 Or. 24, 69 P. 919, 922. We conclude the notes obligated defendant to pay interest on June 1 and December 1 of each year.

They further assert that plaintiff was estopped to demand interest on June 1, 1928, or to accelerate the maturity dates of such notes on account of default in the payment of such interest. The most that can be said is that plaintiff did not demand interest on June 1, 1927. His demand that interest be paid on the $5,000 note to December 1, 1928, was not inconsistent with his claim that interest was payable on June 1. It was in the nature of a bonus for a partial release. The facts fall far short of establishing an estoppel.

The failure of defendant to pay interest on June 1, 1928, was not due to inadvertence or accident. Plaintiff seeks no forfeiture, as in the case of a breach of a conditional sales contract, but only the acceleration of the maturity of the indebtedness in accordance with the express terms of the contract. Righetti v. Monroe, Lyon & Miller, Inc., 109 Cal. App. 333, 293 P. 114; Dunn v. Barry, 35 Cal. App. 325, 169 P. 910; Jump v. Barr, 46 Cal. App. 338, 189 P. 334. We conclude that plaintiff had the right to declare the entire balance due for default in payment of interest due on June 1, 1928.

Finally, they contend that the allowance for attorney's fees was excessive. The entire balance of principal and interest was due when the suit was commenced. The notes provided for attorney's fees. There was evidence as to the amount and character of the legal services rendered. The amount allowed therefor was reasonable.

The costs will be assessed against defendant and the decree affirmed.