[Civ. No. 7501. First Appellate District, Division One.—June 15, 1932.]

H. HARRIS, Respondent, v. FRED G. KESSLER, Appellant.

Russell W. Cantrell for Appellant.

Joseph T. O'Connor and M. L. Choynski for Respondent.

THE COURT.—Defendant declined to amend his answer and cross-complaint, after demurrers thereto had been sustained with leave to amend, and thereupon judgment was entered in favor of plaintiff as prayed for in the complaint. Subsequently defendant moved to vacate the judgment upon the ground that by reason of certain denials in the answer the cause was at issue when the judgment was entered. The motion was denied; whereupon defendant appealed from the judgment and the order denying his motion to vacate.

The action involved the alleged breach of a conditional sales contract for the sale and purchase of the leasehold interest in and the furnishings of a hotel, of which plaintiff was the owner. The complaint declared on a common count for the recovery of the sum of $7,900, it being alleged merely that the sum was due for personal property sold and delivered to defendant at the latter's instance and request. In his answer and in the first count of his cross-complaint defendant pleaded the execution of the contract and its terms, and attached a copy thereof to the pleading. It appears therefrom and from the allegations of the pleadings that plaintiff agreed to sell and defendant agreed to purchase the business for the sum of $24,000. Certain other property was included in the transaction, for which defendant was credited in the sum of $10,000. The agreement of sale provided that an additional sum of $4,000 was to be paid in cash when the contract was executed; the balance of $10,000 to be paid in monthly installments of $300 or more, together with interest on deferred payments until the whole sum was paid. A default clause provided in substance that if the purchaser failed for a period of three days to pay any installment of principal or interest, as

provided for, then the whole amount together with interest should immediately become due and payable. The agreement further provided that time was of its essence. At the date of the commencement of the action, defendant was in default according to the terms of the agreement in the sum of $1500 on account of principal.

Under the acceleration clause, plaintiff elected to consider the full amount due, and sued for the same and caused a writ of attachment to be issued and levied upon the property covered by the sales contract. The main point involved in the case is whether or not the vendee was in default with respect to the meeting of the specified monthly payments, justifying the vendor in legally exercising his option to declare due and payable the entire unpaid balance of the purchase price, it being conceded that payments were never made by defendant in accordance with the strict terms of the contract, but were made and accepted by plaintiff after the same had become due, without objection and without any notification to defendant that future payments would have to be made strictly in accord with the agreement. Under these circumstances it is appellant's claim and he so alleged in substance in his answer and cross-complaint that plaintiff waived the time element of the contract and consequently prematurely instituted his action to recover the entire unpaid balance, and illegally took possession of the property through the attachment; that having done so, the legal effect was to create a breach of the agreement on his part, entitling defendant vendee to recover from plaintiff the full amount paid under the contract which amounted to the sum of $16,636.92 and for which judgment was prayed in the cross-complaint. In support of this claim, we are cited to numerous authorities to the effect that a seller under a conditional sales contract will not be permitted to declare a forfeiture of the rights of the purchaser under such a contract for nonperformance where such breach has been with the express or implied consent of the seller.

There can be no question that the law is well settled that a waiver of the time element occurs under such circumstances where a forfeiture is involved. This principle, however, has no application to the instant case. No question of forfeiture is here presented. Plaintiff elected to treat the sale as absolute, and sue for the amount due. He

seeks no forfeiture. This he had a right to do. The question is not one of first impression in this state. A provision in an agreement for accelerated maturity is not in the nature of a penalty or forfeiture, but simply an agreement as to the time when a debt shall become due and enforceable according to its terms. Such an agreement is a lawful one which the parties may enter into and when they do so the conditions will be enforced by courts of equity. No forfeiture is involved in such act and no penalty imposed. Plaintiff is not asking for anything that has been paid under the contract by way of forfeiture, but is simply refusing to extend the credit for the reason that defendant has failed to comply with his contract. The situation is entirely different from an agreement of sale wherein, upon failure of payment of an installment, the vendor is attempting to retain payments made and also the property itself, the subject of the sale. (*Young* v. *Burchill*, 96 Cal. App. 341 [274 Pac. 379]; *Righetti* v. *Monroe, Lyon & Miller, Inc.*, 109 Cal. App. 333 [293 Pac. 114].) Nor does the fact that, after default, no notice was given the vendee that strict compliance with the time element of the contract would in future be enforced, alter or in any manner affect the situation. In the absence of an agreement upon the subject, it is not essential that a demand for payment be made before suit in this character of action, and especially so where the whole sum of the principal becomes immediately due on default. ▇ As above indicated, there is no element in the case which would justify a court, upon the theory of waiver or estoppel, in denying plaintiff the right to enforce the express terms of the contract, as such an agreement cannot be condemned as being oppressive or opposed to equitable principle, no forfeiture being involved. Therefore, since the doctrine of waiver and estoppel sought to be invoked by defendant was not available to him either as a defense to the action or as proper subject of a cross-complaint, the demurrers were properly sustained.

▇ Defendant's next point is that the presence in the answer of certain denials put the cause at issue, and therefore precluded the entry of judgment on the complaint. If the denials stood alone they would probably have such effect; but they were inseparably connected with and made an integral part of the matters pleaded specially in the

answer and therefore, since the demurrer was sustained to the entire answer, no issue of fact remained. (*Durst* v. *Jolly,* 35 Cal. App. 184 [169 Pac. 449].) If defendant desired a trial on the issues raised by such denials he could easily have obtained the same by filing an amended answer under leave of court granted for such purpose, pleading the denials separately; but as stated he declined so to do.

■ Nor do we find any ground for reversal because of the order of the court sustaining the demurrer to the second count in the cross-complaint without leave to amend. It was a common count for money had and received, the demand being for $16,636.92, which was the identical amount claimed under the first count, and manifestly was based on the same state of facts set forth in the first count. It follows, therefore, that if defendant was not entitled to recovery under the first count, wherein all of the facts upon which the demand was based were specially pleaded, he was not entitled to recover the same under a common count.

The judgment and orders appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 15, 1932, and an application·by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 11, 1932.